FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 25 2010 ★

BROOKLYN OFFICE

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CV 10 - 1361

STEVEN BOUGHNER, on behalf of himself
and all others similarly situated,

            Plaintiffs,

-against-

TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., TOYOTA MOTOR
MANUFACTURING KENTUCKY, INC.,
TOYOTA MOTOR SALES, U.S.A., INC.,
and TOYOTA LEASE TRUST,

            Defendants.

: : : : : : : : : : : : : : : :  X

Civil Action No. _____

JUDGE _____

NOTICE OF REMOVAL
BY DEFENDANT
TOYOTA MOTOR SALES, U.S.A., INC.

[On Removal from the Supreme Court of
the State of New York, County of Nassau
Index No. 600120/10]

WEXLER, J

BOYLE, M.J.

       Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") hereby petitions this Court for

removal of this action from the Supreme Court of the State of New York, County of Nassau,

Index No. 600120/10 ("State Court Action"), to the United States District Court for the Eastern

District of New York pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.  This Court has

jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  As grounds for this removal,

Toyota respectfully shows the Court as follows:

## I.  BACKGROUND

       1.  On or about February 17, 2010, Plaintiff Steven Boughner commenced this

putative New York state class action by filing his Class Action Complaint for Damages and

Equitable Relief ("Complaint") in the Supreme Court of New York, County of Nassau, Index

No. 600120/10.  Plaintiff demanded a jury trial.

       2.  Plaintiff alleges that Defendants and their affiliates "have known since at least

2002 that Toyota vehicles could accelerate uncontrollably, resulting in crashes causing serious

injuries and deaths of occupants." (Complaint ¶ 3).

3.      Plaintiff further alleges that "Defendants have known of the defective brake system in the Toyota Hybrids for years, but that Toyota has refused to publicly acknowledge the existence of the defect or recall these Toyota Hybrids in order to repair them so that they can be made safe." (Complaint ¶ 7).

4.      Plaintiff alleges claims for (1) fraudulent concealment and fraud omission, (2) fraud, (3) violation of New York's General Business Law § 349, (4) breach of contract, (5) breach of express warranties, (6) unjust enrichment, (7) breach of implied warranty of merchantability, and (8) breach of implied warranty of fitness for a particular purpose. (Complaint ¶¶ 32-69).

5.      Plaintiff seeks "compensatory damages that will fairly represent the injuries, personal and economic, that Plaintiff and members of the class have suffered" and "punitive damages that will fairly punish...and serve as a deterrent to future misconduct that endangers the lives and safety of American motorists and pedestrians." (Complaint ¶¶ 71-72).

6.      Additionally, Plaintiff seeks an order: "A. Requiring Defendants to provide, or reimburse Plaintiff and all members of the class for the cost of obtaining non-defective, replacement vehicles until the vehicles owned or leased by Class members have been repaired or have been replaced with vehicles that do not have defects in the accelerator or any other system; B. Requiring Defendants to provide any replacement parts to dealerships for repair of cars already sold or leased, and only use such parts for manufacturing of new vehicles when all defective vehicles have been repaired; C. Requiring Defendants to reform their lease and finance contracts with class members and cease collecting lease payments or car payments from all Class members who leased or purchased Toyota vehicles with defects alleged in this Complaint." (Complaint ¶ 70).

2

7.    Plaintiff further seeks "an award that causes the disgorgement of all amounts by which Defendants have been unjustly enriched" and "rescission of the leases and purchase agreements...and award of attorneys' fees and prejudgment interest." (Complaint ¶¶ 73-75).

8.    Plaintiff alleges in his Complaint that he is bringing these causes of action on behalf of himself and "[a]ll residents and citizens of the State of New York who purchased or leased a Toyota vehicle during the period from 2000 to the present and the value of whose vehicles has been diminished due to the dangerous condition of Toyota vehicles." (Complaint ¶ 23).

9.    This action is just one of several recent putative class actions filed against Toyota premised upon the same basic set of allegations regarding the 2009 and 2010 voluntary safety recalls of certain models of Toyota automobiles related to the potential for unintended acceleration. *See* Toyota Defendants' Response in Support of Transfer of Actions to the Central District of California for Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, attached hereto as <u>Exhibit A</u>. As of the date of the filing of this Notice of Removal, there are at least one hundred and forty (140) class actions pending against Toyota in various federal district courts asserting claims relating to these same allegations.

10.    On February 1, 2010, a petition was filed with the Judicial Panel on Multidistrict Litigation seeking pretrial coordination of all pending federal cases before one United States District Court judge. *See MDL 2151: In Re: Toyota Motor Corp. Unintended Acceleration Products Liability Litigation*, JPML Docket attached hereto as <u>Exhibit B</u>. If the Judicial Panel decides to create multidistrict litigation proceedings for these cases, Toyota Defendants will seek to transfer this case to those proceedings.

11.     Pursuant to 28 U.S.C. § 1446(d), Toyota has filed this Notice with this Court, and is serving a copy of this Notice upon counsel for all parties, and is filing a copy in the Supreme Court of New York, Nassau County, Index No. 600120/10.

12.     This Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

13.     Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 112(c) and 1441(a) because the United States District Court for the Eastern District of New York is the federal judicial district embracing the Supreme Court of New York, Nassau County, where the State Court Action was filed.

15.     Service of the Summons and the Complaint was made on Toyota Motor Sales, U.S.A., Inc. ("TMS") via process server on March 18, 2010.

16.     Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of March 18, 2010, the date Toyota was first served with the Complaint.

17.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Toyota in Index No. 600120/10 are attached as Exhibit C.

18.     No further proceedings have occurred in this action.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION  PURSUANT TO 28 U.S.C. §§ 1332(d), 1441 AND 1453

19.     This Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") as codified at 28 U.S.C. § 1332(d).

20.     CAFA provides that a federal district court shall have original jurisdiction of any civil class action in which: (A) there are 100 or more members in the plaintiff's proposed class; (B) any member of the proposed class is a citizen of a state different from any defendant; and (C) the amount placed in controversy by the claims of the class members exceeds the sum or value of $5,000,000 in the aggregate (exclusive of interest and costs). 28 U.S.C. § 1332(d)(2), (d)(5), and § 1453(b). As demonstrated herein, all of these criteria are met.

## A.     THE PROPOSED CLASS EXCEEDS 100 CLASS MEMBERS

21.     CAFA defines the term "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action has been filed as a state court class action pursuant to New York Civil Practice Law and Rules § 901 *et. seq.* which are similar to Federal Rule of Civil Procedure 23. (Complaint ¶ 25). Plaintiff's case falls within the definition of class action as contained in CAFA.

22.     Plaintiff alleges that the number of putative class members in the putative class "consists of at least thousands of residents and citizens of the State of New York" (Complaint ¶ 27).

23.     Therefore, CAFA's requirement of a minimum putative class size of 100 or more persons is satisfied.

## B.     MINIMUM DIVERSITY OF CITIZENSHIP EXISTS UNDER CAFA

24.     Toyota is a citizen of California because it is incorporated in California and its principal place of business is in California. (*See* Complaint ¶ 21) (acknowledging that Toyota Motor Sales, Inc. is a California corporation with its headquarters in Los Angeles, California).

Toyota is not now, and was not at the time the Complaint was filed, a citizen of the State of New York within the meaning of the Acts of Congress relating to the removal of cases.

25.     Plaintiff Boughner is and was at the time this suit was commenced a citizen and resident of the State of New York. (Complaint at ¶ 17.)

26.     The diversity of citizenship between Plaintiff and Toyota satisfies the minimal diversity requirements of CAFA as set forth in 28 U.S.C. § 1332(d)(2), which provides that the Court shall have jurisdiction if any member of a class of plaintiffs is a citizen of a State different from any defendant.

**C.     IT IS CLEAR FROM THE ALLEGATIONS IN THE COMPLAINT THAT THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**[1]

27.     CAFA provides that a federal district court shall have original jurisdiction over a putative class action where the claims of the individual class members, when aggregated, exceed the sum of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

28.     Plaintiff's Complaint states that Plaintiff is seeking compensatory damages, punitive damages, consequential damages, injunctive relief, costs and disbursements, prejudgment interest, attorneys' fees, and all other relief the Court deems proper. (Complaint ¶¶ 70-76).

29.     It is well-established that the value of **all claims** against a defendant are added together in order to determine whether the requisite minimum for federal jurisdiction exists. *See, e.g., Snyder v. Harris*, 394 U.S. 332 335 (1969).

30.     **Plaintiff's Complaint clearly establishes the requisite $5,000,000 amount in controversy.** Plaintiff alleges that he has suffered economic harm and seeks as damages, among

---

[1] Though Toyota disputes that Plaintiff is entitled to bring this action, denies liability, and contends that Plaintiff can recover nothing under the claims in the Complaint, for purposes of removal only, Plaintiff's allegations and the relief sought by Plaintiff is to be considered in determining the value of the claims as pled and the amount in controversy.

other things, "the full . . . value of h[is] vehicle" (Complaint ¶ 9) and "rescission of the leases

and purchase agreements for [Plaintiff's and Class Members'] vehicles." (Complaint ¶ 74).

Plaintiff alleges that the residual value of his vehicle after his down payment and monthly

payments was $34,035. (*See* Complaint at ¶ 17). Assuming, as Plaintiff contends, that the

putative class members' claims are typical of his own, the putative class would only need to

consist of 147 individuals to reach the $5,000,000 amount in controversy requirement under

CAFA. Plaintiff alleges that the class "consists of at least thousands of residents and citizens of

the State of New York." (*See* Complaint at ¶ 27). Even if the class consisted of only 2000

individuals, Plaintiff and the putative class members would only need to seek relief for these

alleged damages in the amount of $2,500 each, an amount well below the value of Plaintiff's

vehicle. *See* (Complaint ¶ 17) (Plaintiff "leased a Lexus L5460 [sic] from Lexus of Massapequa

on September 26, 2009 with an alleged residual value of $34,035 after plaintiff's down payment

and monthly payments."). Given that Plaintiff seeks damages in the amount of the full value of

his vehicle, and assuming, as Plaintiff contends, that the class members' claims are typical of his

own and that there are at least thousands of class members in this putative class, simple

multiplication reveals that the amount in controversy exceeds $5 million. *See, e.g., Brill v.

Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir. 2005) (allowing simple

multiplication of a possible award to determine aggregate amount in controversy under CAFA).

31.     **The existence of dozens of nearly identical lawsuits recently filed against

Toyota in federal courts around the country, most asserting jurisdiction under CAFA,

further confirms that the amount in controversy exceeds $5 million.** To date, litigants have

filed over one hundred and forty (140) class action lawsuits against Toyota in federal courts

asserting claims similar to those asserted by Plaintiff in this case. In the vast majority of these

cases, including cases filed in this District, plaintiffs have asserted that federal court jurisdiction

is based on CAFA and have expressly alleged that the amount in controversy exceeds $5 million. *See, e.g.*, Complaint (¶ 11) in *Phaneuf v. Toyota Motor Sales, U.S.A., Inc., et al.*, Case No. 10-cv-0487 (E.D.N.Y.), attached hereto as <u>Exhibit D</u> ("This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), because at least one member of the Plaintiff Class is a citizen of a different State than the Defendants, there are 100 or more class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and cost.").[2]  In fact, other plaintiffs purporting to represent the same class of individuals Plaintiff purports to represent (a New York state class) have asserted CAFA jurisdiction in nearly identical cases filed in federal courts in New York.  *See* Complaint (¶ 46) *Fogarty v. Toyota Motor N.A., Inc.*, Case No. 10-cv-542 (E.D.N.Y.) (alleging a New York state class); *see also* Complaint (¶ 32) *Phaneuf v. Toyota Motor Sales, U.S.A., Inc., et al.*, Case No. 10-cv-0487 (E.D.N.Y.) (alleging a New York state class); *see also* Complaint (¶¶ 25) *Tran v. Toyota Motor North America, Inc.*, Case No. 10-cv-1816 (S.D.N.Y.) (Removed from the New York State Supreme Court – New York County) (alleging a New York state class).  A copy of each of these Complaints is attached hereto as <u>Exhibit D</u>.  Any attempt by Plaintiff to assert that the amount in controversy is less than $5 million would be disingenuous and inconsistent with the damages sought in the Complaint and

---

[2] *See* Complaint (¶ 2) *Fogarty v. Toyota Motor N.A., Inc.*, Case No. 10-cv-542 (E.D.N.Y.). ("The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs and is a class action in which the members of the Class are citizens of a different state than the Defendants"); *see also* Complaint (¶ 11) *Gally v. Toyota Motor Corp. b/b/a Toyota Motor N.A., Inc.*, Case No. 10-cv-854 (E.D.N.Y.) ("This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because at least one member of the Class is a citizen of a different State than the Defendants, there are 100 or more class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and cost"); *see also* Complaint (¶ 11) *Sander v. Toyota Motor Sales, U.S.A., Inc. et al.*, Case No. 10-cv-1111 (S.D.N.Y.); *see also* Complaint (¶ 10) *Haustein v. Toyota Motor Corp.*, Case No. 5:10-cv-178 (N.D.N.Y.) ("Pursuant to 28 U.S.C. § 1332(d)(2), this Court has jurisdiction over the claims brought by Plaintiff because, as set forth below, the aggregate claims of the putative class members exceed $5 million, exclusive of interests and costs, and Plaintiff is diverse in citizenship from Defendants"); *see also* Complaint (¶ 4) *Colaberdino v. Toyota Motor N.A., Inc.*, Case No. 10-cv-672 (D.N.J.) ("The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because the matter in controversy exceeds the sum of $5,000,000 exclusive of interests and costs and is a class action in which at least one member of the Class is a citizen of a different state than the Defendants.") (Complaints attached hereto as <u>Exhibit D</u>).  Additional complaints are publicly available on Pacer.

the damages sought by identical and similar putative classes in dozens of cases in New York and around the country.

**D.    THE CAFA EXCEPTIONS TO FEDERAL JURISDICTION DO NOT APPLY TO THIS ACTION**

32.    Although CAFA has additional provisions under which the District Court may or shall decline jurisdiction, no statutory exception to CAFA Jurisdiction applies in this case.[3] *See* 28 U.S.C. § 1332(d)(3) and (4).

33.    Section 1332(d)(3), (the "interest of justice" exception) does not apply because, among other reasons, none of the Defendants is a citizen of New York, the state where this action was originally filed.

34.    Section 1332(d)(4)(A), (the "local controversy exception"), does not apply because there is no Defendant who is a citizen of New York.  The local controversy exception is also inapplicable because, as discussed above, numerous class actions asserting the same or similar allegations have been filed against Toyota on behalf of the same persons during the three year period preceding the filing of this class action.[4]

---

[3] Plaintiff bears the burden of proving that an exception to CAFA jurisdiction applies.  *See Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F.Supp.2d 350, 353 55 (E.D.N.Y. 2008).

[4] In the legislative history for this section of CAFA, the Committee stated its intent that cases such as the one at issue should be removable.  Specifically, the Committee provided the following example of a case that would be exempted from the provisions of § 1332(d)(4):

> A class action is brought in Florida against an out-of-state automobile manufacturer and a few in-state dealers, alleging that a certain vehicle model is unsafe because of an allegedly defective transmission. The vehicle model was sold in all fifty states but the class action is only brought on behalf of Floridians. This case would not fall within the Local Controversy Exception for two reasons.  First, the automobile dealers are not defendants whose alleged conduct forms a significant basis of the claims or from whom significant relief is sought by the class. Even if the plaintiffs are truly seeking relief from the dealers, that relief is just small change compared to what they are seeking from the manufacturer. Moreover, the main allegation is that the vehicles were defective. In product liability cases, the conduct of a retailer such as an automobile dealer does not form a significant basis for the claims of the class members.  Second, the case falls outside the Local Controversy Exception because the "principal injuries resulting from the alleged conduct,"— i.e., selling a vehicle with a defective transmission — were incurred in all fifty states. The fact that the suit was brought as a single-state class action does not mean that the principal injuries were local. In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct—not just where the proposed class members were injured. Thus, any defendant could remove this case to federal court.

9

35.     Section 1332(d)(4)(B) (the "home state exception") does not apply because, among other reasons, Defendants are not citizens of the state where this action was originally filed.

36.     This action is not one described in 28 U.S.C. § 1332 or § 1453 as being non-removable.[5]

## III.   CONCLUSION

In conclusion, Toyota respectfully submits that:  (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different from the Toyota's state of incorporation and principal place of business; (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 are met.   For these reasons, Toyota respectfully requests that this Court assume full jurisdiction over this action as provided by law.

Dated:  New York, New York
       March 25, 2010

                Respectfully submitted,

                Karl Geercken
                Kristin Ann Meister
                ALSTON & BIRD LLP
                90 Park Avenue
                New York, New York 10016
                (212) 210-9400
                karl.geercken@alston.com
                kristin.meister@alston.com

                *Attorneys for Defendant Toyota Motor Sales,*
                *U.S.A., Inc.*

---

[5] In addition to jurisdiction based upon CAFA, this court also has diversity jurisdiction based upon 28 U.S.C. §§ 1332(a) and 1441 because there is complete diversity of citizenship among all properly joined parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**Exhibit A**

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: TOYOTA MOTOR CORP. | : | |
| DEFECTIVE GAS PEDAL PRODUCTS | : | MDL No. 2151 |
| LIABILITY LITIGATION | : | |

## TOYOTA DEFENDANTS' RESPONSE IN SUPPORT OF TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Pursuant to Rule 7.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation ("JPML"), Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc.,

Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America,

Inc., Toyota Motor Manufacturing, California, Inc., Toyota Motor Manufacturing, Indiana, Inc.,

Toyota Motor Manufacturing, Kentucky, Inc., Toyota Motor Manufacturing, Texas, Inc., Toyota

Motor Manufacturing, West Virginia, Inc., Toyota de Puerto Rico Corporation, and New United

Motor Manufacturing, Inc. (collectively "Toyota" or the "Toyota Defendants") hereby submit

their response to the pending Motions to Transfer and Consolidate Pretrial Proceedings Pursuant

to 28 U.S.C. § 1407.[1]  Toyota agrees that transfer and consolidation of these cases is appropriate

---

[1] According to the JPML Docket, as of February 23, 2010, two motions for transfer and eight responses have been filed.  On February 4, 2010, Plaintiff Heather A. Lane (*Lane v. Toyota Motor Sales, USA, Inc.*, No. 2:09-cv-09158, C.D. Cal.), filed her Motion for Transfer to the Central District of California.  On February 5, 2010, Plaintiffs Daniel

under Section 1407 and respectfully requests that the JPML transfer all cases identified by

Toyota on Schedule A (attached hereto as Exhibit 1)[2] to the Central District of California before

the Honorable Judge Matz. The Central District of California is the most appropriate transferee

court for a number of reasons: (i) the primary defendant in this litigation is headquartered there;

(ii) the largest number of cases has been filed in that district; (iii) numerous individual plaintiffs

have requested transfer to the Central District of California in separate filings with this Panel;

(iv) the first-filed case, *Choi*, was filed in that district, and substantive motion practice is already

underway in *Choi*; (v) the judge assigned to *Choi*, Judge Matz, has prior MDL experience, and

eleven cases already have been assigned to Judge Matz as related actions; and (vi) the Central

---

Weimer, Jr., Colby Wenck, and Ann Cavalier (*Weimer v. Toyota North America, Inc.*, No. 10-219, E.D. La.) filed a "motion" for transfer to the Eastern District of Louisiana, which, pursuant to Panel Rule 7.2(h), is deemed a response to the Lane motion. Plaintiff Jonathan Gellman (*Gellman v. Toyota Motor Sales, USA, Inc.*, No. 1:2010-cv-20006, S.D. Fla.) filed a response on February 18, 2019 seeking transfer to the Southern District of Florida. Plaintiffs Eric Kmetz and Joseph Morris (*Kmetz v. Toyota Motor Sales, USA, Inc.*, No. Toyota Motor Corp., No. 2:09-cv-08478, C.D. Cal.) and Joseph Hauter and Frank Palomares (*Hauter v. Toyota Motor Sales, USA, Inc.*, No. 2:10-cv-00105, C.D. Cal.) filed their response on February 19, 2010 seeking transfer to the Central District of California. Plaintiff Troy Menssen (*Menssen v. Toyota Motor Sales, U.S.A., Inc.*, No. 1:10-cv-00260, N.D. Ohio) filed a response on February 19, 2010 seeking consolidation, but did not specify a proposed transferee district. Plaintiff Al Viviano (*Viviano v. Toyota Motor Engineering & Manufacturing North America, Inc.*, No. 2:10-cv-00024, E.D. Ky.) filed a response on February 22, 2010 seeking transfer to the Eastern District of Kentucky. Plaintiffs Zahira Crespo-Bithorn and Milagros Rodriguez Cruz (*Crespo-Bithorn v. Toyota Motor North America, Inc.*, No. 3:10-cv-01083, D.P.R.) also filed a response on February 22, 2010 seeking transfer to the District of Puerto Rico. On February 23, 2010, Plaintiff Fred Sander (*Sander v. Toyota Motor Sales, U.S.A., Inc.*, No. 1:10-cv-01111, S.D.N.Y.) filed a response requesting transfer to the Southern District of New York; Plaintiff Christine Mitchell (*Mitchell v. Toyota Motor North America, Inc.*, No. 3:10-cv-000104, S.D. Miss.) filed a response requesting transfer to the Southern District of Mississippi; Plaintiff Robyn Horn (*Horn v. Toyota Motor Sales U.S.A., Inc.*, No 4:10-cv-00090, E.D. Ark.) and Plaintiff Ani Garzaryan (*Garzaryan v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:10-cv-00849, C.D. Cal.) both filed responses seeking transfer, but did not specify a transferee court; and Plaintiffs Michael Graves and Jeff Mullins (*Graves v. Toyota Motor Manufacturing, West Virginia, Inc.*, No. 2:09-cv-01247, S.D.W. Va.) filed a response seeking transfer to the Southern District of West Virginia.

    In addition to these motions and responses, two motions have been filed and withdrawn. On February 19, 2010, Plaintiff Maureen Colaberdino (*Colaberdino v. Toyota Motor North America, Inc.*, No. 3:10-cv-00672, D.N.J.) filed a response seeking transfer to the District of New Jersey that was later withdrawn. Plaintiffs Seong Bae Choi, Chris Chan Park, Sandra Reech, Donald Pritchett, Un Jin Choi, and Mary Ann Parker (*Choi v. Toyota Motor Corp.*, No. 2:09-08143, C.D. Cal.) have filed a motion for transfer to the Central District of California that was later withdrawn.

    Toyota has also received a service copy of a "motion" that does not appear on the JPML CM-MDL Docket. Specifically, it appears that Plaintiff Dale Roberts (*Roberts v. Toyota Motor Corp.*, No. 7:10-cv-00281, D.S.C.) will seek to have these cases transferred to the District of South Carolina.

    Toyota's Response addresses all of these pending transfer requests.

[2] Schedule A includes (1) actions previously identified in the pending transfer motions and (2) additional actions not already before the Panel and for which Toyota has filed a Notice of Related Actions contemporaneously herewith.

LEGAL02/31780787v1

District of California is significantly better suited geographically for cases anticipated to involve witnesses and evidence from Japan, the location of Toyota's parent corporation.

## I.  Background[3]

On September 29, 2009, Toyota issued a safety advisory related to the risk of floor mat entrapment of accelerator pedals in certain Toyota models. Toyota determined that an unsecured or incompatible driver's floor mat has the potential to interfere with, or entrap, the accelerator pedal, which may make the vehicle difficult to control or stop. Shortly after issuing the safety advisory, Toyota instituted a voluntary recall of all affected Toyota vehicles (the "Floor Mat Recall"). In January 2010, as part of Toyota's ongoing investigation into possible causes of unintended acceleration, Toyota determined that there is a possibility that certain accelerator pedal mechanisms may mechanically stick in a partially depressed position or return slowly to the idle position, and issued a second voluntary recall related to accelerator pedals (the "Pedal Recall").

Numerous cases stemming from these voluntary recalls have been filed against Toyota. Although the specific theories advanced in these lawsuits may differ, all of the cases relate to the issue of unintended acceleration and are appropriate for consolidation. For example, some actions assert that unintended acceleration is caused by alleged defects in Toyota's floor mats or accelerator pedals, while others claim that unintended acceleration is caused by an alleged defect in Toyota's electronic throttle control systems ("ETCS-i"),[4] and many cases assert all three

---

[3] J.P.M.L. Rule 7.1(b) requires responses to averments in motions to be made in numbered paragraphs that correspond to the number of paragraphs of the motion to which the responsive paragraph is directed. Plaintiff Lane, however, did not, as required by J.P.M.L. Rule 7.1(a), make averments in numbered paragraphs in her motion or accompanying brief. Therefore, Toyota is unable to comply with J.P.M.L. Rule 7.1(b).

[4] In vehicles with ETCS-i, electrical sensors detect the position of the accelerator pedal and relay this information to a central computer that regulates the engine's functions (the "Engine Control Module" or "ECM"). The ECM uses this information to determine how much to open the throttle, which, in turn, causes the vehicle to accelerate. Some plaintiffs have alleged that electro-magnetic radiation can interfere with ETCS-i causing the vehicle to suddenly

- 3 -

theories.[5]   Through February 23, 2010,[6] Toyota had been served with thirty-nine federal lawsuits related to the issue of unintended acceleration.   Thirty-eight of these have been brought as class actions; one of these cases was brought by a plaintiff suing in his individual capacity.   In addition, Toyota is aware of thirty-eight related federal lawsuits that have been filed but not yet served, as well as at least forty-two similar state court cases, many of which Toyota expects will be removed to federal court (all suits referred to collectively as the "Unintended Acceleration Cases").   Toyota seeks consolidation of all seventy-seven Federal Unintended Acceleration Cases of which Toyota is currently aware and which are listed on the attached Schedule A.[7]

## II.   Consolidation and Coordination of Pretrial Proceedings Is Proper.

Pursuant to 28 U.S.C. § 1407, the transfer of actions to a single jurisdiction for coordinated or consolidated pretrial proceedings is proper when the civil actions pending in various districts involve one or more common questions of fact, and transfer and consolidation "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."   28 U.S.C. § 1407(a).   These statutory requirements are met in this case.

Although there are certain legal and factual differences among the cases that have been filed, all of these cases relate to the issue of unintended acceleration.   Accordingly, despite

---

accelerate even when the accelerator pedal is not depressed.   Toyota denies that its ETCS-i is defective or that it could cause vehicles to accelerate unintentionally.

[5] *Compare Gellman v. Toyota Motor Sales U.S.A., Inc.*, No. 1:10-cv-20006 (alleging defective floor mats) *with Weimer v. Toyota North America, Inc.*, No. 2:10-cv-00219 (alleging defective pedal) *with Choi v. Toyota Motor Corp.*, No. 2:09-08143 (alleging defective ETCS-i) *with Hauter v. Toyota Motor Sales, USA, Inc.*, No. 2:10-cv-00105 (combination defect theory).

[6] Throughout this Response, references to the number of cases filed or served reflect those that Toyota is aware of through February 23, 2010.   The number of cases filed and served, however, changes on a daily basis.

[7] The JPML has held that it has authority to transfer and consolidate cases that have not yet been served on defendants.   *In re Multidistrict Private Civil Treble Damage Litigation Involving Library Editions of Children's Books*, 299 F. Supp 1139, 1142 (J.P.M.L. 1969) ("Restricting transfers to those cases in which all defendants have been served would frustrate the salutory purposes of 1407 without meaningfully advancing any other interest.").

- 4 -

certain differences among these cases, there are common questions of fact[8] relevant to all of the Unintended Acceleration Cases, including the alleged defects in Toyota vehicles subject to the recent recalls and Toyota's handling of the Floor Mat and Pedal Recalls.  Consolidation will therefore "eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).

Moreover, the vast majority (72 out of 77) of the Unintended Acceleration Cases filed in federal courts are class actions.  This Panel has long recognized that overlapping and parallel class actions asserting similar claims for recovery are particularly well-suited for consolidation. *See, e.g., In re Chrysler Corp. Vehicle Prods. Liab. Litig.*, MDL No. 1239, 1998 LEXIS 15675, at *2 (J.P.M.L.  Oct. 2, 1998) (ordering transfer where "the actions in this litigation involve common questions of fact concerning allegations by overlapping classes of defects in the paint of certain Chrysler vehicles that result in chipping, peeling and discoloration of the paint finish."); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) ("[T]ransfer of actions under § 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists."); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("Section 1407 centralization is especially important to ensure consistent treatment of the class action issues."); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493

---

[8] For example, while some plaintiffs claim to have experienced an episode of unintended acceleration, many of the plaintiffs do not claim to have experienced any manifestation of the alleged defect.  The cases also differ in the type of damages sought: some plaintiffs seek damages for personal injury, but many allege only economic harm. Moreover, the governing law and underlying legal theories of these cases differ to varying degrees as well. Accordingly, while these cases are undoubtedly appropriate for coordinated treatment to promote the efficient resolution of this litigation and to minimize the potential for inconsistent rulings, Toyota disputes any contention that these cases are maintainable as class actions under Fed. R. Civ. P. 23, and nothing in this motion should be interpreted as an indication to the contrary or as an admission on Toyota's part that commonality or any criteria under Rule 23 has been satisfied.

(J.P.M.L. 1968) (holding that transfer was necessary to avoid "pretrial chaos in conflicting class action determinations.").

III.   **The Central District of California is the Most Appropriate Venue for the Transfer of These Actions.**

In deciding the appropriate transferee court, this Panel has often considered (i) where the majority of cases are pending; (ii) where the first-filed and most advanced cases are pending; (iii) where a defendant's headquarters is located; (iv) where relevant documents and witnesses are located; (iv) whether the transferee district is easily accessible to parties and witnesses; and (v) whether the transferee court has the capacity to devote sufficient resources to complex consolidated proceedings. All of these factors decidedly favor the Central District of California.

A.   **More Cases Have Been Filed in the Central District of California Than In Any Other District, and The California Actions Are Further Advanced Than Cases In Other Districts.**

This Panel has repeatedly found that the most appropriate transferee court is the district in which the greatest number of actions is pending. *See, e.g., In re WellPoint, Inc., Out-of-Network UCR Rates Litig.*, 652 F. Supp. 2d 1375, 1376 (J.P.M.L. 2009) (transferring to district where three actions already pending); *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 323 F. Supp. 2d 1381, 1383 (J.P.M.L. 2004) (noting that "a plurality of the actions is pending in the Central District of California"); *In re Phonometrics, Inc.*, 1996 LEXIS 21909 (J.P.M.L. Dec. 11, 1996) (transferring to district where majority of actions were pending); *In re Dow Chemical Co. Sarabond Prods. Liab. Litig.*, 650 F. Supp. 187, 189 (J.P.M.L. 1986) (transferring to district where six of fourteen actions already pending). Here, more than a third of the cases in which Toyota has been served are pending in the Central District of California (14 out of 39). Additionally, looking at the total number of cases filed (including those in which Toyota has yet to be served), nearly one third of the currently pending actions were filed in the Central District

- 6 -

of California (21 out of 77). The rest of the fifty-six cases, by contrast, are fairly evenly distributed across thirty-six other districts, with no other district presiding over more than four related actions. Accordingly, Section 1407's convenience requirement would be well served by transferring these cases to the district where the greatest number of parties is found. *See In re Napster, Inc.*, 2000 LEXIS 15493 (J.P.M.L. Oct. 11, 1996) (transferring to the district with majority of the parties).

Not only are significantly more actions pending in the Central District of California than in any other district, but the California cases were the also the first to be filed. As a result, litigation in several of the California cases has progressed much further than in the other actions. For example, Toyota has already submitted Motions to Dismiss in *Choi v. Toyota Motor Corp.*, No. 2:09-cv-08143, *Baldiserri v. Toyota Motor Sales, USA, Inc.*, 2:09-cv-09386, *Kmetz v. Toyota Motor Sales, USA, Inc.*, 2:09-cv-08478, and *Lane v. Toyota Motor Sales, USA, Inc.*, 2:09-cv-09158. Moreover, in *Choi*, the first-filed case, plaintiffs have already submitted briefing in support of their motion for preliminary injunction and class certification. In addition to briefing, a number of hearings have been scheduled in the California cases. Judge Matz is scheduled to hear oral argument on Toyota's Motion to Dismiss in the *Kmetz* case on March 15, 2010, and will hear oral argument on the pending class certification motion and motion to dismiss in the *Choi* action on March 22, 2010. Judge Feess is scheduled to hear oral argument on Toyota's Motion to Dismiss in the *Baldiserri* case on March 8, 2010, and Judge Feess will hear oral argument on Toyota's Motion to Dismiss in the *Lane* case on March 29, 2010.

Because the judges presiding over cases in the Central District of California have had the benefit of reviewing the parties' briefs, they are already familiar with both the basic facts of these cases and the legal issues that will be raised during the consolidated pretrial proceedings.

LEGAL02/31780787v1

These judges' familiarity with these cases makes the Central District a particularly appropriate

transferee district.  *See In re Land Rover LR3 Tire Wear Prods. Liab. Litig.*, 598 F. Supp. 2d

1384, 1386 (J.P.M.L. 2009) ("The Central District of California is an appropriate transferee

forum because the first-filed and most procedurally advanced actions are pending there."); *In re*

*Pet Food Prods. Liab. Litig.*, 499 F. Supp. 2d 1346, 1347 (J.P.M.L. 2007) (ordering transfer to a

particular venue where "[p]retrial proceedings are advancing well there and about one-third of all

pending actions are already in this district."); *In re Mirapex Prods. Liab. Litig.*, 493 F. Supp. 2d

1376 (J.P.M.L. 2007) (transferring cases to the district where litigation had become the most

advanced and the judge had the opportunity to become familiar with the litigation).

### B. More Relevant Documents and Witnesses Will Likely Be Located in the Central District of California Than in Any Other Proposed Transferee District.

The presence of a defendant's corporate headquarters or other principal place of business

in a forum militates strongly in favor of transfer to that forum because it "implies that relevant

witnesses and documents are likely to be found there." *In re UICI "Association-Group" Ins.*

*Litig.*, 305 F. Supp. 1360, 1362 (J.P.M.L. 2004); *see also In re Aftermarket Automotive Lighting*

*Prods. Antitrust Litig.*, 598 F. Supp. 2d 1366, 1368 (J.P.M.L. 2009) (transferring to the Central

District of California where "several defendants are headquartered within the Central District of

California and accordingly pertinent documents and witnesses are likely located there"); *In re*

*DirectTV, Inc. Early Cancellation Fee Marketing and Sales Pracs. Litig.*, 655 F. Supp. 2d 1369,

1370-71 (J.P.M.L. 2009) ("DirecTV, Inc., is headquartered in that district and, therefore, relevant

documents and witnesses are likely located there."); *In re European Rail Pass Antitrust Litig.*,

MDL No. 1386, 2001 WL 587855 (J.P.M.L. 2001); *In re Baldwin-United Corp. Litig.*, 581 F.

Supp. 739, 741 (J.P.M.L. 1984); *In re California Armored Car Antitrust Litig.*, 476 F. Supp. 452,

LEGAL02/31780787v1

454 (J.P.M.L. 1979) ('[S]ince Armored Transport's principal place of business is located in the Central District of California, it is likely that other relevant documents as well as key witnesses will also be located in that district.'").[9]

Toyota Motor Sales, USA, Inc. ("TMS"), the primary defendant in these cases, is a California corporation with its headquarters located in the Central District of California. TMS serves as Toyota's U.S. sales and marketing headquarters. TMS is also the U.S. entity with primary responsibility for implementing recalls and communicating with customers and dealers concerning recall campaigns.[10] The Corporate Accessory Department of TMS was also a central player in the purchase and procurement of the all weather floor mats that are the subject of the Floor Mat Recall and worked closely with Toyota Motor Corporation on the redesign of the floor mats. Accordingly, TMS is likely to be in possession of a significant number of relevant documents, including but not limited to advertising and marketing materials, warranty data, owner's manuals, service manuals, technical service bulletins, and field contact reports, as well as information on customer complaints and lawsuits, and guidelines, correspondence, drawings and approvals for the all weather floor mats at issue. In addition to documents, individuals with relevant information regarding engineering, manufacturing, and design issues as well as the safety recalls and remedies are also located at TMS. Indeed, it appears that TMS was named as a defendant in 75 out of 77 of the Federal Unintended Acceleration Cases precisely because relevant witnesses and documents are likely to be located there. In addition to TMS's location in California, defendants Toyota Motor Manufacturing, California, Inc. and New United Motor Manufacturing, Inc. are also both located in California. The location of Toyota's U.S.

---

[9] *See also In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 450 F. Supp. 1168, 1170-71 (J.P.M.L. 1978); *In re Penn Cent. Sec. Litig.*, 322 F. Supp. 1021, 1023 & n.4 (J.P.M.L. 1971).
[10] With respect to recalls, Toyota Motor North America, Inc., which has headquarters in New York and Washington, D.C., acts as the liaison for the Toyota entities with the federal government.

headquarters and the anticipated evidence located in the Central District of California are additional factors strongly favoring transfer to that district. *In re Air Crash off Long Island, New York on July 17, 1996*, 965 F. Supp. 5 (S.D.N.Y. 1997); *In re Caesar's Palace Secs. Litig.*, 385 F. Supp. 1256, 1258 (J.P.M.L. 1974).

### C. The Central District of California Is A Convenient Location For the Parties and Witnesses.

This Panel has repeatedly recognized the benefits of transferring cases to districts in large metropolitan areas. *See, e.g., In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (transferring to a district that "offers an accessible metropolitan location"). "[A] litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services." *In re Worldcom, Inc. Sec. & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002). Los Angeles is such a city and is easily accessible to parties and witnesses nationwide.

Moreover, although there are a number of major U.S. cities that can be easily and quickly reached by air travel from anywhere within the United States, Los Angeles has the added benefit of facilitating transportation to and from Japan. In the Unintended Acceleration Cases, one of the other defendants is Toyota Motor Corporation ("TMC"), the ultimate parent company of all of the other named Toyota Defendants. TMC is the entity primarily responsible for the development and design of many of the vehicles at issue in the Unintended Acceleration Cases. In addition, TMC conducts much of Toyota's pre-production development testing and compliance testing for the vehicles involved in the recalls at issue. TMC is also responsible for making recall decisions. As a result, it is likely that relevant design, engineering and testing documents will be located in Japan. Additionally, business persons and engineers from TMC

- 10 -

will likely be witnesses in these cases and will need to travel back and forth to the United States throughout these consolidated pretrial proceedings. TMC employees are accustomed to traveling to Los Angeles because Toyota Motor Sales, USA, Inc. is headquartered there. Furthermore, there are significantly more direct flights between Japan and Los Angeles than between Japan and any of the other proposed transferee districts, and the flights between Japan and Los Angeles are also less expensive. Thus, although it may be equally burdensome for parties in Los Angeles to travel to Miami (or New Orleans or Lexington) as it is for parties in those districts to travel to Los Angles, the frequency and convenience of flights between Los Angeles and Japan weigh heavily in favor of transfer to the Central District of California.

### D. The Central District of California Can Efficiently Handle Large Consolidated Proceedings.

In addition to being a convenient transferee district for parties and witnesses and being the district most familiar with the pending cases, the Central District of California also has the capacity to accommodate these proceedings. *See In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) (deciding to "assign the litigation to a district i) in which half of the actions are pending; and ii) that is presently equipped with the resources likely required by the complex docket."). With a median time from filing to disposition of only 6.9 months, transferring these cases to the Central District of California will ensure that the consolidated pretrial proceedings are resolved in a timely and expeditious manner. *See* http://www.uscourts.gov/judbus2008/appendices/C05Sep08.pdf, attached as Exhibit 2.

### E. Judge Matz Is Eminently Qualified to Preside Over These Actions.

The experience and knowledge of a particular judge is one of the factors that may be considered in determining the appropriate transferee forum. *See, e.g., In re Factor VIII or IX Concentrate Blood Prod. Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993); *In re Silicone Gel*

*Breast Implants Prods. Liab. Litig.*, 793 F. Supp. 1098, 1101 (J.P.M.L. 1992); *In re Data Gen.*

*Corp. Antitrust Litig.*, 470 F. Supp. 855, 859 (J.P.M.L. 1979); *In re Hawaiian Hotel Room Rate*

*Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977); *In re Sugar Indus. Antitrust Litig.*, 437 F.

Supp. 1204, 1208 (J.P.M.L. 1975); *In re Ampicillin Antitrust Litig.*, 315 F. Supp. 317, 319

(J.P.M.L. 1970).   Judge Matz, who is currently presiding over eleven of the Unintended

Acceleration Cases, including the first filed action, is eminently qualified to preside over this

litigation.

     Judge Matz has served the Central District of California as a federal judge for over

twelve years.   During that time, he has presided over some of the Central District of California's

most influential and publicized cases[11] and has handled numerous cases involving complex legal

and factual issues,[12] including complex product liability actions.   *See, e.g., In re Silicon Gel*

*Breast Implants Products Liability Litigation,* 318 F. Supp. 2d 879 (C.D. Cal. 2004).   Moreover,

Judge Matz has successfully presided over consolidated litigation pursuant to a Transfer Order of

this Panel in *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 323 F. Supp. 2d 1381, 1383 (J.P.M.L.

2004).   Accordingly, Judge Matz has demonstrated the "time and experience to steer this

complex litigation on a prudent course." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352,

1354 (J.P.M.L. 2005); *see also In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358

(J.P.M.L. 2008) (transferring to a district "where a constituent action is pending" and "assigning

this litigation to a jurist who has the experience to steer this litigation on a prudent course."); *In*

---

[11] *See, e.g., Bryant v. Oxxford Exp. Inc.,* 181 F. Supp. 2d 1045 (C.D. Cal. 2000) (enjoining a licensee from pursuing claim in New Jersey against NBA basketball star Kobe Bryant based on the first-to-file rule), *Burkow v. City of Los Angeles*, 119 F. Supp. 2d 1076 (C.D. Cal. 2000) (enjoining on First Amendment grounds enforcement of a city ordinance making it criminal to display for sale signs), and *Coalition of Clergy v. Bush*, 189 F. Supp. 2d 1036 (C.D. Cal. 2002), *aff'd in part and rev'd in part,* 310 F.3d 1153 (9th Cir. 2002) (dismissing lawsuit brought on behalf of detainees held in Guantanamo Bay due to lack of standing).

[12] *See, e.g., Directors Guild of America v. Harmony Pictures, Inc.,* 32 F. Supp. 2d 1184 (C.D. Cal. 1998) (holding in case of first impression that creditor's endorsement and cashing of check effectuates an accord and satisfaction that discharges debtor from further liability); and *Castaic Lake Water Agency v. Whittake Corp.,* 272 F. Supp. 2d 1053 (C.D. Cal. 2003) (holding that passive migration of a contaminant constitutes a release under CERCLA).

*re Commerical Money Ctr., Inc. Equip. Lease Litig.*, 229 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (transferring to an "available transferee judge with prior, successful experience in the management of Section 1407 litigation").

In addition to Judge Matz's experience handling complex cases, Judge Matz is perhaps the judge most familiar with these cases. As an initial matter, eleven of the cases filed in the Central District have already been consolidated before Judge Matz and Toyota anticipates that the rest of the California cases will likewise be transferred to Judge Matz. Accordingly, Judge Matz is currently presiding over more Unintended Acceleration Cases than any other judge in the Central District of California or elsewhere. In addition to the number of Unintended Acceleration Cases already before Judge Matz, two of the most procedurally advanced cases are assigned to him: *Choi v. Toyota Motor Corp.*, No. 2:09-cv-08143, and *Kmetz v. Toyota Motor Sales, USA, Inc.*, 2:09-cv-08478. Toyota has filed motions to dismiss in both *Choi* and *Kmetz*. Additionally, plaintiffs in the *Choi* case have also filed motions and accompanying briefs for preliminary injunctive relief and for class certification. As noted above, Judge Matz will hear oral argument on all of these pending motions in March. The fact that Judge Matz has had the opportunity to familiarize himself with the factual and legal issues of these cases makes him an ideal transferee judge. *See In re Land Rover LR3 Tire Wear Prods. Liab. Litig.*, 598 F. Supp. 2d 1384, 1386 (J.P.M.L. 2009) ("[S]ubstantial benefits arise by assigning the litigation to [a judge] who has gained familiarity with this litigation by presiding over some of the actions."); *In re Mirapex Prods. Liab. Litig.*, 493 F. Supp. 2d 1376 (J.P.M.L. 2007) (transferring to the judge that had the opportunity to become familiar with the litigation). Moreover, Judge Matz is not currently handling any MDL actions. *See In re WellPoint, Inc., Out-of-Network UCR Rates*

- 13 -

*Litig.*, 652 F. Supp. 2d 1375, 1376 (J.P.M.L. 2009) (transferring cases to "an experienced MDL

transferee judge who does not currently have an MDL assignment.").

**IV.    The Central District of California Is a More Appropriate Venue Than the Other Requested Transferee Courts.**

Eleven individual plaintiffs in three separate filings have requested transfer to the Central

District of California.[13]  Other plaintiffs, however, have requested transfer to the Eastern District

of Louisiana, the Southern District of Florida, the Eastern District of Kentucky, and the Southern

District of West Virginia.[14]  The Central District of California is a better venue for these cases

for several reasons.

First, as discussed above, there are significantly more Unintended Acceleration Cases

pending in the Central District of California and those cases are procedurally further along.  Of

the twenty-one cases that have been filed in the Central District of California, Toyota has been

served in fourteen cases and has filed dispositive motions in four of them.  By contrast, in the

Eastern District of Louisiana, three cases have been filed and served (all by the same law firms

and all containing nearly identical allegations),[15] but Toyota's responses to those complaints are

not yet due.  Toyota is aware of three cases that have been filed in the Southern District of

---

[13] *See supra* at note 2.

[14] As discussed in note 2 *supra*, Plaintiff Colaberdino filed a motion seeking transfer to the District of New Jersey, but that motion has since been withdrawn.  Additionally, Plaintiff Sander filed a response seeking transfer to the Southern District of New York, Plaintiff Mitchell filed a response seeking transfer to Southern District of Mississippi, Plaintiff Bilthorn filed a response seeking transfer to the District of Puerto Rico, and Plaintiff Roberts seeks transfer to the Central District of South Carolina.  Transfer to the Central District of California, however, would be more appropriate than any of these.  The Southern District of New York, Southern District of Mississippi, District of Puerto Rico, and District of South Carolina do not have any of the qualities that the Panel typically considers in making a venue decision.  Indeed, there are very few cases pending in these jurisdictions (one in the Southern District of Mississippi, one in the District of Puerto Rico, two in the District of South Carolina, and three in the Southern District of New York), and all of the cases pending in these districts are in their infancy (Toyota has only been served in one of these six cases).  Additionally, it is highly unlikely that any significant quantity of documents or witnesses would be located in any of these four jurisdictions.  Moreover, South Carolina has no connection with the Toyota Defendants' headquarters or operations, and the lack of direct flights between Los Angeles and Spartanburg will be burdensome for many plaintiffs and defendants in this case, particularly witnesses traveling from Japan.  These responses appear merely to be attempts by Plaintiffs' counsel to secure transfer to a district that will be convenient for them at the expense of the multitude of other parties involved in these cases.

[15] *Weimer v. Toyota North America, Inc.*, No. 2:10-cv-00219; *Mailho v. Toyota North America, Inc.*, No. 2:10-cv-00279, and *Brock v. Toyota North America, Inc.*, No. 2:10-cv-00281.

- 14 -

Florida.[16]  Only one of those complaints, however, has been served on Toyota,[17] and Toyota's response to that complaint is not yet due.  In the Eastern District of Kentucky, Toyota is aware of four cases that have been filed.  One of these cases has yet to be served on Toyota.[18]   Toyota was not served with the other three eastern District of Kentucky cases until this week.[19]  Finally, Toyota is aware of only one case pending in the Southern District of West Virginia, but it is not as far along as some of the California cases.[20]  As a result, the judges assigned to Unintended Acceleration Cases in the Central District of California have more familiarity with these cases than the judges proposed by Plaintiffs Weimer, Gellman, Viviano, or Graves.

Second, the Central District of California has a much stronger connection to the underlying cases than any of the other proposed transferee districts.  Toyota Motor Sales, USA, Inc. ("TMS"), Toyota Motor Manufacturing, California, Inc., and New United Motor Manufacturing, Inc., all defendants in these cases, are all headquartered in California.  With respect to the other proposed transferee districts, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") and Toyota Motor Manufacturing, Kentucky, Inc. ("TMMK") are both Kentucky corporations, but TEMA is named as a defendant in just over half of the actions that have been filed, and TMMK has only been named in seven of the currently pending seventy-seven lawsuits.  Similarly, Toyota Manufacturing, West Virginia, Inc. ("TMMWV"), which is headquartered in West Virginia, has only been named as a defendant in a single case brought by the plaintiffs seeking transfer to West Virginia.  By contrast, TMS has been named in

---

[16] *Gellman v. Toyota Motor Sales U.S.A., Inc.*, No. 1:10-cv-20006, *Heilbrunn v. Toyota Motor Corporation*, No. 9:10-cv-80208, and *Rivas-Vigil v. Toyota Motor North America, Inc.*, No. 0:10-cv-60183.

[17] *Gellman v. Toyota Motor Sales U.S.A., Inc.*, No. 1:10-cv-20006.

[18] *Viviano v. Toyota Motor Engineering and Manufacturing North America, Inc.*, No. 2:10-cv-00024.

[19] *Poynter v. Toyota Motor North America Inc.*, No. 2:10-cv-00021; *Miller v. Toyota Motor Sales U.S.A., Inc.*, No. 2:10-cv-00031; and *Leaverton v. Toyota Motor Engineering and Manufacturing North America, Inc.*, No. 2:10-cv-00032.

[20] *Graves v. Toyota Motor Manufacturing, West Virginia, Inc.*, No. 2:09-cv-01247.

LEGAL02/31780787v1

75 out of 77 cases and TMC (the Japanese parent company of all of the Toyota Defendants) has been named in 48 out of 77 cases.

In addition, despite the fact that certain Toyota manufacturing facilities (and therefore certain manufacturing subsidiaries) are located in Kentucky and West Virginia, a majority of the relevant documents and witnesses are likely to be located outside of those states. The Unintended Acceleration Cases generally involve allegations of design defects. Both TMMK and TMMWV, however, are primarily involved with manufacturing (as opposed to design) and will likely have fewer documents relating design and/or testing. In addition, TMMWV manufactures components not directly relevant to these lawsuits. Likewise, many of TEMA's relevant documents are likely to be located outside of Kentucky.

As explained above, TMC is the Toyota entity primarily responsible for the design and testing of many of the vehicles involved in this litigation. Though TEMA has design responsibilities for certain Toyota models, it does not have responsibility for many of the vehicles that are subject to the recalls. And with respect to those models for which TEMA has design responsibility, most of TEMA's design documents are likely to be located outside of Kentucky because TEMA's research and development operations are located outside of Kentucky. Moreover, there is an additional nexus to California, in that TEMA maintains a quality control group in its Los Angeles, California office, where other potentially relevant documents are located. By contrast, TEMA's Erlanger, Kentucky office is primarily responsible for procurement, quality control, and administrative issues. Therefore, although some documents or witnesses may be located in Kentucky, a substantial portion of TEMA's relevant documents, particularly those relating to design and testing, are likely to be found in TEMA offices outside of Kentucky. Accordingly, Toyota anticipates that a significant quantity of the

LEGAL02/31780787v1

relevant documents in these cases will be located in Los Angeles, with a considerable number of documents and witnesses also potentially located in Japan.   In short, the Central District of California is the district with the most significant connection to this litigation in terms of the location of potential evidence.

The Central District of California is also significantly more convenient than the Eastern District of Kentucky or the Southern District of West Virginia for parties and witnesses, particularly Defendant TMC which is located in Japan.   This is particularly true for the Southern District of West Virginia, because there are no direct flights from Charleston, West Virginia to California.   Given the number of California-based plaintiffs and defendants, as well TMC's location in Japan, the lack of direct flights between Los Angeles and these districts will be inconvenient for many of the parties involved.

Finally, there are significantly more active judges in the Central District of California than in any of the other proposed transferee districts, which will assist in ensuring that the judge assigned to these cases is able to devote sufficient time to case management.   The Central District of California has twenty-five active judges, and only eleven currently pending Section 1407 proceedings.   The Eastern District of Louisiana, by contrast, has only twelve active judges, but six pending MDL actions.   Although the Southern District of Florida has seventeen active judges, it also has ten pending MDLs.   Accordingly, the Central District of California is a more appropriate venue.   *See In re Teflon Prods. Liab. Litig.*, 416 F. Supp. 2d 1364 (J.P.M.L. 2006) (taking into consideration other MDL dockets already pending in that jurisdiction); *In re Serzone Prods. Liab. Litig.*, 217 F. Supp. 2d 1372, 1374 (J.P.M.L. 2002) (transferring to a district "that is not currently overtaxed with other multidistrict dockets"); *In re Bayol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378 (J.P.M.L. 2001) (same).   Additionally, although there are fewer MDL actions

currently pending in the Eastern District of Kentucky or the Southern District of West Virginia, that is not necessarily an indication that this litigation would move more quickly in those districts than in the Central District of California. In fact, the median time from filing to disposition in the Central District of California is only 6.9 months compared to 9.4 months in the Eastern District of Kentucky and 9.2 months in the Southern District of West Virginia. Thus, there is no basis to conclude that an experienced judge in the Central District of California cannot oversee this litigation in an effective and efficient manner.

**V.   Conclusion**

Pursuant to Section 1407, centralization of the Unintended Acceleration Cases is appropriate because these cases raise similar factual and legal issues, and because consolidation will result in convenience to the parties and increased judicial efficiency and avoid duplicative discovery and inconsistent pretrial rulings.

The Toyota Defendants join in the request that this Panel transfer these cases to the Central District of California for coordinated pretrial proceedings before the Honorable Judge Matz. On balance, the Central District of California will be the most convenient for all parties and is well equipped to handle litigation of this magnitude. Moreover, the Central District of California is the district where many of the defendants are headquartered and where a significant number of documents and witnesses will likely be located. Furthermore, because significantly more Unintended Acceleration Cases have been filed in the Central District of California than in any other district and because these cases have progressed further than the cases in the other proposed transferee districts, the judges in the Central District of California, and in particular Judge Matz, have had the greatest opportunity to familiarize themselves with these cases.

Respectfully submitted, this 26th day of February.

*Cari K. Dawson*

CARI K. DAWSON
cari.dawson@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7766
(404) 253-8567 (*Facsimile*)

*Counsel for Defendants Toyota Motor
Corporation, Toyota Motor Sales, U.S.A.,
Inc., Toyota Motor North America, Inc.,
Toyota Motor Engineering & Manufacturing
North America, Inc., Toyota Motor
Manufacturing, California, Inc., Toyota
Motor Manufacturing, Indiana, Inc., Toyota
Motor Manufacturing, Kentucky, Inc.,
Toyota Motor Manufacturing, Texas, Inc.,
Toyota Motor Manufacturing, West
Virginia, Inc., Toyota de Puerto Rico Corp.,
and New United Motor Manufacturing, Inc.*

- 19 -

# **<u>EXHIBIT 1</u>**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: TOYOTA MOTOR CORP. DEFECTIVE GAS PEDAL PRODUCTS LIABILITY LITIGATION
MDL DOCKET NO. 2151

SCHEDULE A: All Unintended Acceleration Cases[1]

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 1. | Joseph Hauter and Frank Palomares, on behalf of themselves and all others similarly situated, <br> v. <br> Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, and Doe Defendants 1-10 | 8:10-cv-00105 | C.D. Cal. | Western (Los Angeles) | Matz |
| 2. | T. Leigh Beard, Catherine Nguyen, and Vaiina Salvador, in their individual capacities, and on behalf of all others similarly situated, <br> v. <br> Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. | 8:10-cv-00183 | C.D. Cal. | Southern (Santa Anna) | Selna |
| 3. | Adilia Aviles on behalf of herself and all others similarly situated, <br> v. <br> Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc. | 2:10-cv-00706 | C.D. Cal. | Western (Los Angeles) | Matz |
| 4. | Roz Schwartz on behalf of herself and all others similarly situated, <br> v. <br> Toyota Motor Sales, U.S.A., Inc, Toyota Motor Corp, and Doe Defendants 1-10 | 2:10-cv-00710 | C.D. Cal. | Western (Los Angeles) | Matz |

[1] The Toyota Defendants have not been served in many of the cases identified in this Schedule A. Toyota's identification of these cases for purposes of transfer and consolidation pursuant to 28 U.S.C. § 1407 does not constitute an appearance by Toyota or imply that Toyota has waived service in any of these constituent cases.

LEGAL02/31765804v3

SCHEDULE A:  All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 5. | Matthew Marr, Luis Fernandez, Sylvia Fernandez, individually and on behalf of all others similarly situated<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Corp. | 2:10-cv-00799 | C.D. Cal. | Western (Los Angeles) | Matz |
| 6. | Ani Gazaryan, an individual; Svetlana Abajyan, an individual; Elza Dzhivalegy, and individual; Tamara Harutyunyan, an individual; Nerses Mazmanyan, an individual; Hrayr Okkasian an individual, Christine Aznavour, an individual; Akop Galadzhyan; and individual; Plaintiffs, on Behalf of Themselves and All Others Similarly Situated as Well as on Behalf of the General Public and Acting in the Public Interest,<br><br>v.<br><br>Toyota Motor sales U.S.A., Inc., a California corporation; Toyota Motor Engineering & Manufacturing North America, Inc. a foreign corporation; and Does 1-10: Inclusive. | 2:10-cv-00849 | C.D. Cal. | Western (Los Angeles) | Matz |
| 7. | Peter Wisner<br><br>v.<br><br>Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-00942 | C.D. Cal. | Western (Los Angeles) | Otero |
| 8. | Elaine Byrnes, individually and on behalf of all others similarly situated<br><br>v.<br><br>Toyota Motor North America Inc. a California corporation; Toyota Motor Engineering & Manufacturing North America, Inc. a Kentucky corporation; Toyota Motor Sales, U.S.A., Inc., a California corporation; Toyota Motor Corporation, a Japanese corporation | 2:10-cv-00947 | C.D. Cal. | Western (Los Angeles) | Matz |

- 2 -

SCHEDULE A:  All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 9. | Lacey Laudicina and Kevin Funez, individually and on behalf of all other similarly situated,<br><br>v.<br><br>Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-01030 | C.D. Cal. | Western (Los Angeles) | Marshall |
| 10. | Rhonda Talbot, on behalf of herself and all other similarly situated<br><br>v.<br><br>Toyota Motor North America, Inc., Toyota Motor Engineering & manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-01039 | C.D. Cal. | Western (Los Angeles) | Matz |
| 11. | Jacquelyn Donoghue, individually and on behalf of the Estate of John Donoghue, deceased,<br><br>v.<br><br>Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing California, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, CTS Corporation, and Does 1 through 10 | 2:10-cv-01057 | C.D. Cal. | Western (Los Angeles) | Otero |
| 12. | Max L. Lieberman, and Phyllis C. Lieberman, individually and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-01073 | C.D. Cal. | Western (Los Angeles) | Klausner |

LEGAL02/31765049v3

**SCHEDULE A: All Unintended Acceleration Cases**

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|-----|----------------|-----------------|----------|----------|-------|
| 13. | Teresa B. Myers, individually and on behalf of the Estate of Steffan David Myers, deceased, and William C. Myers, <br> v. <br> Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., <br> Toyota Motor Manufacturing, California, Inc., Toyota Motor Sales, U.S.A. Inc., Toyota Motor Corporation, CTS Corporation, and Does 1 through 10 inclusive | 2:10-cv-01078 | C.D. Cal. | Western (Los Angeles) | Matz |
| 14. | Karen Bush Gertz <br> v. <br> Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-01089 | C.D. Cal. | Southern (Santa Anna) | Gee |
| 15. | Kerri Madden, on behalf of herself and all others similarly situated, <br> v. <br> Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing, California, Inc., Toyota Motor Corporation, and Does 1 through 10 | 2:10-cv-01094 | C.D. Cal. | Western (Los Angeles) | Feess |
| 16. | Katy Boyask, on behalf of herself and all others similarly situated, <br> v. <br> Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corp., and Doe Defendants 1-10 | 2:10-cv-01153 | C.D. Cal. | Western (Los Angeles) | Wu |
| 17. | Stuart Grant, an individual, <br> v. <br> Toyota Motor Sales, U.S.A., Inc., a CA Corp.; and Does One through Twenty | 2:10-cv-01234 | C.D. Cal. | Western (Los Angeles) | Matz |

- 4 -

**SCHEDULE A: All Unintended Acceleration Cases**

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|-----|----------------|-----------------|----------|----------|-------|
| 18. | Seong Bae Choi, Chris Chan Park, Sandra Reech, Donald Pritchett, Un Jin Choi, and Mary Ann Parker, as individuals, and on behalf of themselves and all others similarly situated, <br> v. <br> Toyota Motor Corp., Toyota Motor Sales, U.S.A., Inc., and Does 1 through 10 | 2:09-cv-08143 | C.D. Cal. | Western (Los Angeles) | Matz |
| 19. | Eric Kmetz, and Joe Morris, on behalf of themselves and all others similarly situated, <br> v. <br> **Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, and Doe Defendants 1-10** | 2:09-cv-08478 | C.D. Cal. | Western (Los Angeles) | Matz |
| 20. | Heather A. Lane, individually and on behalf of all others similarly situated, <br> v. <br> Toyota Motor Sales, U.S.A., Inc. a California corporation | 2:09-cv-09158 | C.D. Cal. | Western (Los Angeles) | Feess |
| 21. | Dale Baldisseri, on behalf of himself and all others similarly situated, <br> v. <br> Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Manufacturing, California, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Does 1 through 20 | 2:09-cv-09386 | C.D. Cal. | Western (Los Angeles) | Feess |

LEGAL02/31765049v3

**SCHEDULE A:  All Unintended Acceleration Cases**

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 22. | Ryan Scharrel, Susan Kruschke, and Enrique Moreno,<br>v.<br>Toyota Motor North America, Inc, a California corporation, Toyota Motor Engineering & Manufacturing North America, Inc, a Kentucky corporation, and Toyota Motor Sales, U.S.A., Inc, a California corporation | 1:10-cv-00227 | D. Colo. | Denver | Brimmer |
| 23. | Nirnishabahen Patel, individually, and on behalf of all persons similarly situated,<br>v.<br>Toyota Motor North America, Inc., a foreign corporation, Toyota Motor Sales, U.S.A., Inc., a foreign corporation, and General Motors LLC, a foreign corporation. | 3:10-cv-00210 | D. Conn. | New Haven | Underhill |
| 24. | S. Firgon, on behalf of himself and all others similarly situated,<br>v.<br>Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor North America, Inc. | 2:10-cv-02075 | D. Kan. | Kansas City | Murguia |
| 25. | Darshak Shah,<br>v.<br>Toyota Motor North America, Inc., a CA Corp.; Toyota Motor Sales, U.S.A., Inc., a CA Corp.; and General Motors, LLC | 1:10-cv-10263 | D. Mass. | Boston | Tauro |
| 26. | Don Gureski and Carol Gureski,<br>v.<br>Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. | 1:10-cv-00031 | D. Wyo. | Casper | Johnson |

- 6 -

SCHEDULE A:  All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 27. | Margaret Gonzalez, on her own behalf and on behalf of all others similarly situated<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc.; Toyota Motor North America, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc. | 3:10-cv-00595 | D.N.J. | Trenton | Cooper |
| 28. | Maureen Colaberdino, on behalf of herself and all others similarly situated,<br><br>v.<br><br>Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Corporation | 3:10-cv-00672 | D.N.J. | Trenton | Cooper |
| 29. | Cheryl Abken and Sandra Valdez, individually and on behalf of all persons similarly situated,<br><br>v.<br><br>Toyota motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., and General Motors LLC | 3:10-cv-00763 | D.N.J. | Trenton | Cooper |
| 30. | Francine Goukas, on behalf of herself and all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing, North America, Inc., and Toyota Motor Sales, U.S.A., Inc. | 3:10-cv-00778 | D.N.J. | Trenton | Cooper |

- 7 -

SCHEDULE A: All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 31. | Zahira Crespo-Bithorn and Milagros Rodriguez Cruz et al., on behalf of themselves and all others similarly situated<br><br>v.<br><br>Toyota Motor North America, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; Toyota Motor Sales, U.S.A., Inc. and Toyota De Puerto Rico, Corp | 3:10-cv-01083 | D.P.R. | San Juan | Besosa |
| 32. | Linda Alford Wooten,<br><br>v.<br><br>Toyota Motor North America Inc., a California corporation; Toyota Motor Engineering & Manufacturing North America, Inc., a Kentucky corporation; Toyota Motor Manufacturing Kentucky, Inc., a Kentucky corporation; Toyota Motor Sales U.S.A., Inc., a California corporation; Toyota Motor Corporation, a Japanese corporation; and Denso Manufacturing Tennessee, Inc., a Tennessee corporation | 3:10-cv-00229 | D.S.C. | Columbia | Perry, Jr. |
| 33. | Dale Roberts, on behalf of himself and all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc, and does 1 through 10. | 7:10-cv-00281 | D.S.C. | Spartanburg | Harwell |
| 34. | Robyn Horn, class representative, on behalf of herself and all others similarly situated,<br><br>v.<br><br>Toyota Motor Sales U.S.A., Inc., a California corporation, Toyota Motor Engineering & Manufacturing, North America, Inc., a foreign corporation, Toyota Motor Corporation, a foreign corporation, and Does 1-10. | 4:10-cv-00090 | E.D. Ark. | Little Rock | Holmes |

- 8 -

LEGAL02/31765049v3

SCHEDULE A: All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|-----|----------------|-----------------|----------|----------|-------|
| 35. | Julie Rainwater, individually and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc. | 4:10-cv-00116 | E.D. Ark. | Western | Wilson |
| 36. | Al and Jo Anna Viviano, Paul Turner, Kyle Briggs, Shalini Ignatenkov, Charles and Karen Gibbens, Lori S. and Thomas A. Trahan, Erica Thomas, Holly Boyd, Connie and Thomas Kamphaus, Brena and Lee Shonfield, and Alan L. Weller,<br><br>v.<br><br>Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing Kentucky, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Lease Trust. | 2:10-cv-00024 | E.D. Ky | Northern (Covington) | Bertlesman |
| 37. | Debra and Ron Poynter, Tina and Fran Freedom, Krystal Eggerding, Angela Boles, Laurie Chambers, Amy Smith Roth, and Lucero and Mark Davidson,<br><br>v.<br><br>Toyota Motor North America Inc., a California corporation; Toyota Motor Sales U.S.A., Inc., a California corporation; Toyota Motor Corporation, a Japanese corporation; Toyota Motor Engineering & Manufacturing North America, Inc., a Kentucky corporation; and Toyota Motor Manufacturing Kentucky, Inc., a Kentucky corporation. | 2:10-cv-00021 | E.D. Ky. | Northern (Covington) | Bertelsman |

LEGAL02/31765049v3

SCHEDULE A:  All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 38. | Michael & Cathy Miller, Steve Clemons, Sonya Gray, Wayne & Betty Tomlin, Patrick Kwiatkowski, Edward & Joan Skillman, and Melissa Arnzen Moeddel, individually and on behalf of others similarly situated,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing, Kentucky, Inc., and Toyota Motor Manufacturing, Northern Kentucky, Inc. | 2:10-cv-00031 | E.D. Ky. | Northern (Covington) | Bertelsman |
| 39. | **Christopher L. Leaverton, individually and on behalf of all others** similarly situated,<br><br>v.<br><br>Toyota Motor Engineering & Manufacturing North America, Inc. and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-00032 | E.D. Ky. | Northern (Covington) | **Bertelsman** |
| 40. | Daniel Weimer, Jr., Colby Wenck, and Ann Cavalier, all individually and on behalf of all other similarly situated Plaintiffs<br><br>v.<br><br>Toyota Motor North America, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-00219 | E.D. La. | New Orleans | Lemelle |
| 41. | Amanda R. Mailho,<br><br>v.<br><br>Toyota Motor North America, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc; and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-00279 | E.D. La. | New Orleans | Lemmon |

- 10 -

**SCHEDULE A: All Unintended Acceleration Cases**

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|-----|----------------|-----------------|----------|----------|-------|
| 42. | Gary T. Brock<br>v.<br>Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-00281 | E.D. La. | New Orleans | Lemelle |
| 43. | Deborah Baumkel, on behalf of herself and all others situated,<br>v.<br>Toyota Motor North America, Inc., a foreign corporation and Toyota Motor Sales, U.S.A., Inc., a foreign corporation. | 2:10-cv-10525 | E.D. Mich. | Detroit | Edmunds |
| 44. | Diane Gumble, on behalf of herself and all others similarly situated,<br>v.<br>Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc. and Toyota Motor Sales U.S.A., Inc. | 5:10-cv-00521 | E.D. Pa. | Allentown | Golden |
| 45. | Frederick Greisiger, individually and on behalf of all persons similarly situated,<br>v.<br>Toyota Motor North America, Inc., a foreign corporation, Toyota Motor Sales, U.S.A., Inc., a foreign corporation, and General Motors, LLC, a foreign corporation. | 5:10-cv-00554 | E.D. Pa. | Allentown | Slomsky |
| 46. | William Fitts and Phyllis Fitts, individually; Billy C. Fitts and Freida Fitts individually<br>v.<br>Toyota Motor Corporation | 2:10-cv-00052 | E.D. Tex. | Marshall | Ward |

- 11 -

LEGAL02/31765046v3

**SCHEDULE A:  All Unintended Acceleration Cases**

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 47. | Frank Whiddon, as an individual and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation, a foreign corporation, and Toyota Motor Sales, USA, Inc., a California corporation | 1:10-cv-00080 | E.D. Tex. | Beaumont | Clark |
| 48. | Kevin P. Fogarty, Barbara Jackson, and Alex Farrugia, individually and on behalf of all others similarly situated<br><br>v.<br><br>Toyota Motor North America, Inc. a California corporation; Toyota Motor Engineering & Manufacturing North America, Inc., a Kentucky corporation, Toyota Motor Sales U.S.A., Inc., a California corporation, and Toyota Motor Corporation, a Japanese corporation | 1:10-cv-00542 | E.D.N.Y | Brooklyn | Gleeson |
| 49. | Peter Phaneuf, on his own behalf and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc.; Toyota Motor North America, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc. | 2:10-cv-00487 | E.D.N.Y. | Central Islip | Bianco |
| 50. | John Harding, individually and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation, a foreign corporation, and Toyota Motor Sales, U.S.A., Inc., a California corporation. | 2:10-cv-00100 | M.D. Ala. | Montgomery | Fuller |
| 51. | Michelle Lynch on behalf of herself and all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc. | 8:10-cv-00326 | M.D. Fla. | Tampa | Merryday |

- 12 -

**SCHEDULE A:   All Unintended Acceleration Cases**

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 52. | Renita Cipriani, as an individual and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation, a Japanese Corp.; and Toyota Motor Sales, U.S.A., Inc., a CA Corp. | 8:10-cv-00427 | M.D. Fla. | Tampa | Bucklew |
| 53. | Viviane Stoller, individually and on behalf of a class of similarly situated citizens in Georgia,<br><br>v.<br><br>Toyota Motor Corp. and Toyota Motor Sales, USA, Inc. | 4:10-cv-00024 | M.D. Ga. | Columbus | Land |
| 54. | Roshawn Donahue, individually and on behalf of all other similarly situated Plaintiffs,<br><br>v.<br><br>Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing, North America, Inc., and Toyota Motor Sales, U.S.A., Inc. | 3:10-cv-00108 | M.D. La. | Baton Rouge | Parker |
| 55. | Justin Johnson, on behalf of himself and all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc. | 5:10-cv-00026 | N.D. Fla. | Panama City | Smoak |
| 56. | Jim Heidenreich, individually, and on behalf of all persons similarly situated,<br><br>v.<br><br>Toyota Motor North America, Inc., a foreign corporation, and Toyota Motor Sales, U.S.A., Inc., a foreign corporation | 4:10-cv-00035 | N.D. Fla. | Tallahassee | Hinkle |

- 13 -

SCHEDULE A: All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 57. | Christina Ochs, on behalf of herself and all others similarly situated, <br> v. <br> Toyota Motor Corporation, and Toyota Motor Sales, U.S.A., Inc. | 1:10-cv-00918 | N.D. Ill. | Chicago | Coar |
| 58. | Belva Simmons, as an individual and on behalf of all others similarly situated, <br> v. <br> Toyota Motor Corporation, a foreign corporation, Toyota Motor Sales, USA, Inc., a California corporation, and Toyota North America, Inc., a California corporation. | 3:10-cv-00009 | N.D. Miss. | Western | Mills |
| 59. | Troy Menssen, on behalf of himself and all other similarly situated individuals <br> v. <br> Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Corporation | 1:10-cv-00260 | N.D. Ohio | Cleveland | Oliver |
| 60. | Daniel D. Lee, individually and on behalf of others similarly situated <br> v. <br> Toyota Motor North America, Inc., a California corporation; Toyota Motor Engineering & Manufacturing North America, Inc., a Kentucky corporation; Toyota Motor Manufacturing Kentucky, Inc., a Kentucky corporation; Toyota Motor Sales U.S.A., Inc., a California corporation; New United Motor Manufacturing, Inc., a California Joint Venture, and Toyota Motor Corporation, a Japanese corporation. | 3:10-cv-00280 | N.D. Ohio | Toledo | Carr |

- 14 -

LEGAL02/31765040v3

**SCHEDULE A: All Unintended Acceleration Cases**

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|-----|----------------|-----------------|----------|----------|-------|
| 61. | Roxanne Early and Edward Ransom, individually and as legal heirs to the estate of Sharon Ransom, deceased,<br><br>v.<br><br>Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Manufacturing, Kentucky, Inc. | 3:10-cv-00332 | N.D. Tex | Dallas | Lindsay |
| 62. | James R. Haustein,<br><br>v.<br><br>Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing, North America, Inc. | 5:10-cv-00178 | N.D.N.Y. | Syracuse | McCurn |
| 63. | Humberto Rivas-Vigil, individually and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor North America, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Sales, U.S.A., Inc. | 0:10-cv-01183 | S.D. Fla. | Fort Lauderdale | Cohn |
| 64. | Jonathan Gellman, an individual, on behalf of himself and all others similarly situated,<br><br>v.<br><br>Toyota Motor Sales, USA, Inc., a California corporation | 1:10-cv-20006 | S.D. Fla. | Miami | Cooke |
| 65. | Arlene S. Heilbrunn, as an individual and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Corporation, a foreign corporation, and Toyota Motor Sales, USA, Inc., a California corporation | 9:10-cv-80208 | S.D. Fla. | Miami | Zloch |

- 15 -

LEGAL02/31765049v3

SCHEDULE A: All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|-----|----------------|-----------------|----------|----------|-------|
| 66. | Judith M. Enderle, on behalf of herself all others similarly situated<br>v.<br>Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. | 1:10-cv-00142 | S.D. Ind. | Indianapolis | Barker |
| 67. | Christine Mitchell,<br>v.<br>Toyota Motor North America, Inc.; Toyota Motor Engineering & Manufacturing, North America, Inc.; and Toyota Motor Sales, U.S.A., Inc. | 3:10-cv-00104 | S.D. Miss. | Jackson | Wingate |
| 68. | Rebecca S. Shumaker<br>v.<br>Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Corporation | 3:10-cv-00061 | S.D. Ohio | Western (Dayton) | Rice |
| 69. | Sylvia Pena and Albert A. Pena, III, as individuals and on behalf of themselves and all others similarly situated,<br>v.<br>Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. | 2:10-cv-00037 | S.D. Tex. | Corpus Christi | Rainey |
| 70. | Thomas Davis, on behalf of himself and all other similarly situated individuals,<br>v.<br>Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Corporation | 1:10-cv-00900 | S.D.N.Y. | Foley Square | Buchwald |

- 16 -

**SCHEDULE A: All Unintended Acceleration Cases**

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|---|---|---|---|---|---|
| 71. | Barbara Iglesias, Individually and On Behalf Of All Others Similarly Situated,<br><br>v.<br><br>Toyota Motor Corporation, a Japanese Corp.; Toyota Motor Sales, U.S.A., Inc., a CA Corp.; Toyota Motor North America, Inc., a CA Corp.; Toyota Motor Engineering & Manufacturing, N.A., Inc., a Kentucky Corp.; Lexus; Toyota Motor Manufacturing, Indiana, Inc.; Toyota Motor Manufacturing, Texas, Inc.; Toyota Motor Manufacturing, Kentucky, Inc.; New United Motor Manufacturing, Inc., Subaru of Indiana Automotive, Inc.; CTS Corporation and Doe Defendants 1 through 10 | 1:10-cv-1014 | S.D.N.Y. | Foley Square | Castel |
| 72. | Fred Sander<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc., Toyota North America Inc., and Toyota Engineering & Manufacturing North America, Inc. | 1:10-cv-01111 | S.D.N.Y. | Foley Square | Hellerstein |
| 73. | Michael Graves and Michael C. Graves, and Jeff Mullins, individually, and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Manufacturing, West Virginia, Inc., a West Virginia Corporation; Toyota Motor North America, Inc., a California corporation; Toyota Motor Engineering & Manufacturing North America, Inc., a Kentucky corporation; Toyota Motor Sales U.S.A., Inc., a California corporation; and Toyota Motor Corporation, a Japanese corporation. | 2:09-cv-01247 | S.D.W. Va. | Charleston | Goodwin |

- 17 -

LEGAL02/31765049v3

SCHEDULE A: All Unintended Acceleration Cases

| No. | Full Case Name | Civ. Action No. | District | Division | Judge |
|-----|----------------|-----------------|----------|----------|-------|
| 74. | Mark Adkinson, individually and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc. | 6:10-cv-06013 | W.D. Ark. | Hot Springs | Dawson |
| 75. | David Hulsen, Patrick Mann, and Tyson Markham, on behalf of themselves and all others similarly situated<br><br>v.<br><br>Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. | 4:10-cv-00103 | W.D. Mo. | Kansas City | Sachs |
| 76. | Jerry Baker Auto Sales, LLC, individually and on behalf of others similarly situated,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Corporation | 2:10-cv-04025 | W.D. Mo. | Central | Laughrey |
| 77. | Carol D. Sill, individually, and on behalf of all others similarly situated,<br><br>v.<br><br>Toyota Motor Sales U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Manufacturing, Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. | 5:10-cv-00117 | W.D. Okla. | Oklahoma City | Russell |

- 18 -

LEGAL02/31765049v3

# EXHIBIT 2

Table C-5.
U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2008

| Circuit and District | Total Cases | | No Court Action | | Before Pretrial | | Court Action During or After Pretrial | | Court Action Trial | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Number of Cases | Median Time Interval In Months | Number of Cases | Median Time Interval In Months | Number of Cases | Median Time Interval In Months | Number of Cases | Median Time Interval In Months | Number of Cases | Median Time Interval In Months |
| TOTAL | 175,091 | 8.1 | 43,257 | 5.0 | 105,421 | 7.8 | 22,017 | 13.6 | 4,396 | 32.9 |
| DC | 1,401 | 8.5 | 643 | 6.2 | 690 | 8.4 | 43 | 11.7 | 25 | 34.5 |
| 1ST | 4,909 | 8.9 | 1,822 | 6.5 | 2,056 | 8.5 | 661 | 16.8 | 170 | 25.9 |
| ME | 391 | 7.0 | 170 | 4.6 | 162 | 6.3 | 14 | 12.1 | 16 | 16.9 |
| MA | 2,424 | 8.6 | 1,267 | 6.6 | 784 | 6.3 | 292 | 18.4 | 61 | 27.1 |
| NH | 335 | 7.9 | 78 | 3.0 | 109 | 5.0 | 142 | 15.4 | 6 | - |
| RI | 405 | 8.8 | 148 | 7.6 | 181 | 6.3 | 63 | 11.9 | 18 | 28.4 |
| PR | 1,284 | 10.5 | 259 | 6.8 | 820 | 9.2 | 150 | 22.8 | 55 | 29.2 |
| 2ND | 19,206 | 10.3 | 3,898 | 6.6 | 12,106 | 10.2 | 2,902 | 14.2 | 299 | 29.5 |
| CT | 1,855 | 10.1 | 1,166 | 7.8 | 574 | 13.1 | 66 | 22.9 | 49 | 31.8 |
| NYN | 1,116 | 13.5 | 207 | 4.9 | 581 | 15.1 | 301 | 16.0 | 28 | 29.0 |
| NYE | 5,672 | 12.8 | 866 | 8.7 | 3,582 | 13.0 | 1,126 | 14.9 | 98 | 29.4 |
| NYS | 9,277 | 8.4 | 1,502 | 5.5 | 6,352 | 8.0 | 1,312 | 12.5 | 111 | 27.8 |
| NYW | 1,059 | 11.9 | 137 | 5.1 | 820 | 12.1 | 93 | 24.4 | 9 | - |
| VT | 227 | 8.4 | 20 | 2.6 | 197 | 8.5 | 4 | - | 6 | - |
| 3RD | 16,674 | 6.6 | 3,296 | 4.3 | 10,027 | 6.5 | 2,965 | 12.3 | 286 | 26.6 |
| DE | 746 | 11.2 | 163 | 5.4 | 538 | 12.2 | 16 | 31.1 | 29 | 31.5 |
| NJ | 5,288 | 7.6 | 1,582 | 5.3 | 2,179 | 5.1 | 1,479 | 14.9 | 68 | 33.7 |
| PAE | 6,872 | 4.9 | 574 | 2.3 | 4,972 | 3.4 | 1,221 | 9.8 | 105 | 21.5 |
| PAM | 1,439 | 7.6 | 416 | 4.4 | 928 | 8.3 | 61 | 17.5 | 34 | 31.2 |
| PAW | 1,938 | 6.3 | 531 | 4.1 | 1,348 | 7.9 | 31 | 24.0 | 26 | 33.9 |
| VI | 393 | 19.5 | 140 | 18.2 | 62 | 25.7 | 187 | 18.7 | 4 | - |
| 4TH | 10,852 | 7.1 | 2,743 | 5.8 | 6,938 | 7.0 | 1,005 | 6.6 | 166 | 20.0 |
| MD | 2,423 | 7.0 | 902 | 6.9 | 1,273 | 6.0 | 206 | 12.6 | 40 | 23.0 |
| NCE | 828 | 6.8 | 337 | 6.1 | 469 | 9.3 | 13 | 11.0 | 9 | - |
| NCM | 597 | 6.5 | 309 | 6.5 | 255 | 11.6 | 30 | 12.3 | 3 | - |
| NCW | 841 | 7.6 | 230 | 7.9 | 523 | 5.9 | 80 | 14.4 | 3 | - |
| SC | 2,146 | 8.2 | 316 | 3.4 | 1,689 | 8.4 | 115 | 11.1 | 46 | 22.0 |
| VAE | 2,199 | 4.9 | 279 | 2.2 | 1,363 | 4.3 | 520 | 6.5 | 37 | 10.1 |
| VAW | 620 | 8.7 | 147 | 5.5 | 442 | 9.5 | 15 | 11.1 | 16 | 20.5 |
| WVN | 430 | 10.0 | 198 | 8.4 | 225 | 10.2 | 15 | 23.2 | 2 | - |
| WVS | 768 | 9.2 | 55 | 3.2 | 719 | 9.4 | 9 | - | 5 | - |

## Table C-5. (September 30, 2008—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Before Pretrial | | During or After Pretrial | | Total | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **5TH** | 25,652 | 9.5 | 4,500 | 6.8 | 15,761 | 7.6 | 3,452 | 15.4 | 1,849 | 166.4 |
| LA,E | 8,715 | 8.8 | 74 | 3.5 | 5,119 | 6.0 | 2,443 | 14.9 | 79 | 18.9 |
| LA,M | 2,148 | 166.4 | 234 | 4.9 | 393 | 11.9 | 25 | 29.2 | 1,436 | 166.4 |
| LA,W | 1,600 | 12.0 | 400 | 8.0 | 1,115 | 12.5 | 47 | 21.2 | 38 | 22.3 |
| MS,N | 988 | 18.6 | 217 | 8.5 | 838 | 10.8 | 385 | 48.7 | 28 | 27.0 |
| MS,S | 1,940 | 10.6 | 1,280 | 10.1 | 600 | 10.7 | 47 | 21.5 | 33 | 21.7 |
| TX,N | 2,396 | 7.4 | 310 | 8.6 | 2,022 | 7.2 | 3 | - | 61 | 24.0 |
| TX,E | 1,842 | 9.2 | 280 | 7.1 | 1,472 | 9.0 | 58 | 18.5 | 52 | 21.1 |
| TX,S | 3,883 | 6.2 | 1,109 | 3.0 | 2,385 | 6.3 | 371 | 9.8 | 66 | 20.5 |
| TX,W | 2,080 | 8.3 | 578 | 6.8 | 1,367 | 8.2 | 73 | 14.0 | 64 | 18.3 |
| **6TH** | 17,144 | 9.6 | 4,105 | 6.1 | 8,907 | 9.4 | 3,889 | 14.0 | 243 | 25.2 |
| KY,E | 1,349 | 9.4 | 177 | 5.4 | 1,183 | 9.5 | 31 | 17.3 | 8 | - |
| KY,W | 1,067 | 9.2 | 281 | 7.3 | 694 | 9.2 | 77 | 18.0 | 15 | 25.9 |
| MI,E | 4,242 | 9.7 | 999 | 4.5 | 1,276 | 5.6 | 1,910 | 14.9 | 58 | 25.8 |
| MI,W | 919 | 8.4 | 117 | 3.5 | 769 | 9.3 | 14 | 19.8 | 19 | 22.3 |
| OH,N | 4,089 | 8.9 | 854 | 3.5 | 2,393 | 12.1 | 674 | 9.5 | 38 | 20.7 |
| OH,S | 2,570 | 10.3 | 946 | 6.5 | 975 | 10.3 | 616 | 14.2 | 33 | 27.8 |
| TN,E | 960 | 11.6 | 197 | 6.3 | 442 | 9.9 | 324 | 16.2 | 27 | 28.6 |
| TN,M | 1,067 | 9.2 | 218 | 5.3 | 838 | 9.6 | 10 | 16.9 | 23 | 18.4 |
| TN,W | 841 | 11.8 | 298 | 9.2 | 488 | 11.9 | 33 | 24.4 | 22 | 27.4 |
| **7TH** | 12,012 | 7.3 | 3,697 | 4.6 | 6,498 | 7.3 | 1,708 | 12.0 | 219 | 25.8 |
| IL,N | 6,625 | 6.2 | 2,387 | 4.8 | 3,574 | 6.3 | 601 | 11.5 | 113 | 25.9 |
| IL,C | 611 | 9.3 | 222 | 6.8 | 374 | 8.7 | 8 | - | 9 | - |
| IL,S | 672 | 9.4 | 147 | 4.3 | 483 | 9.5 | 27 | 31.5 | 15 | 28.1 |
| IN,N | 1,054 | 11.0 | 224 | 4.3 | 336 | 8.7 | 472 | 14.5 | 22 | 30.0 |
| IN,S | 1,748 | 9.2 | 462 | 4.6 | 853 | 9.6 | 407 | 11.8 | 24 | 23.7 |
| WI,E | 877 | 8.0 | 131 | 3.2 | 668 | 8.3 | 58 | 16.6 | 24 | 31.9 |
| WI,W | 425 | 4.8 | 64 | 2.1 | 212 | 3.9 | 139 | 6.8 | 10 | 12.0 |
| **8TH** | 13,226 | 8.3 | 5,058 | 2.7 | 5,805 | 9.2 | 1,170 | 17.0 | 201 | 21.4 |
| AR,E | 996 | 10.9 | 205 | 9.5 | 750 | 10.8 | 9 | - | 34 | 21.5 |
| AR,W | 573 | 10.0 | 16 | 2.2 | 534 | 10.0 | 4 | - | 19 | 15.2 |
| IA,N | 363 | 8.9 | 71 | 8.2 | 307 | 8.7 | 4 | - | 11 | 20.7 |
| IA,S | 548 | 10.6 | 151 | 7.4 | 271 | 9.5 | 116 | 15.9 | 11 | 26.3 |
| MN | 5,698 | 3.0 | 3,058 | 2.4 | 2,614 | 7.6 | 997 | 17.0 | 29 | 19.4 |
| MO,E | 1,696 | 7.6 | 675 | 5.8 | 874 | 8.9 | 8 | - | 29 | 20.7 |
| MO,W | 1,467 | 8.1 | 688 | 6.7 | 738 | 8.9 | 8 | - | 33 | 25.7 |
| NE | 541 | 9.1 | 20 | 1.7 | 482 | 8.7 | 22 | 18.9 | 17 | 17.7 |
| ND | 220 | 7.5 | 97 | 3.7 | 116 | 6.8 | 3 | - | 4 | - |
| SD | 214 | 12.5 | 71 | 10.8 | 119 | 11.0 | 10 | 21.0 | 14 | 31.1 |

175

# Table C-5. (September 30, 2008—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **9TH** | 26,365 | 8.0 | 8,557 | 5.9 | 15,824 | 6.3 | 1,803 | 13.5 | 481 | 23.5 |
| AK | 310 | 9.9 | 114 | 6.4 | 190 | 10.7 | | | 6 | - |
| AZ | 1,869 | 9.0 | 681 | 7.5 | 1,183 | 9.3 | 15 | 38.2 | 40 | 33.4 |
| CAN | 4,082 | 7.7 | 890 | 4.2 | 2,054 | 8.0 | 1,083 | 12.4 | 55 | 25.2 |
| CAE | 1,320 | 9.6 | 678 | 6.8 | 1,170 | 10.7 | 97 | 25.9 | 35 | 28.3 |
| CAC | 8,889 | 7.0 | 3,657 | 6.0 | 4,998 | 7.5 | 108 | 18.5 | 148 | 21.2 |
| CAS | 1,665 | 6.2 | 160 | 3.2 | 1,105 | 5.8 | 386 | 10.4 | 24 | 28.9 |
| HI | 544 | 11.4 | 318 | 9.3 | 171 | 12.4 | 37 | 21.4 | 18 | 28.9 |
| ID | 380 | 10.0 | 30 | 4.9 | 384 | 11.2 | 8 | - | 10 | 28.6 |
| MT | 608 | 10.8 | 196 | 7.1 | 190 | 10.0 | 100 | 16.4 | 17 | 24.5 |
| NV | 1,598 | 9.5 | 591 | 7.6 | 930 | 9.9 | 52 | 13.7 | 28 | 29.5 |
| OR | 1,706 | 10.4 | 481 | 8.0 | 1,159 | 11.2 | 16 | 23.9 | 42 | 18.6 |
| WAE | 455 | 8.1 | 138 | 4.1 | 286 | 8.7 | 25 | 17.9 | 8 | - |
| WAW | 2,338 | 7.1 | 616 | 3.9 | 1,658 | 8.1 | 16 | 15.8 | 48 | 17.4 |
| GUAM | 27 | 17.4 | 9 | - | 15 | 19.2 | 2 | - | 1 | - |
| NMI | 38 | 14.0 | 20 | 14.2 | 11 | 12.9 | 2 | - | 3 | - |
| **10TH** | 7,282 | 8.2 | 1,396 | 4.7 | 4,542 | 8.0 | 1,177 | 11.5 | 165 | 21.3 |
| CO | 2,001 | 6.9 | 139 | 3.0 | 1,733 | 6.8 | 68 | 15.7 | 41 | 25.4 |
| KS | 1,096 | 9.1 | 364 | 6.4 | 610 | 9.4 | 100 | 17.5 | 22 | 24.8 |
| NM | 971 | 9.0 | 195 | 3.8 | 351 | 8.7 | 399 | 11.0 | 26 | 20.2 |
| OKN | 584 | 8.9 | 77 | 3.1 | 489 | 6.6 | 6 | 14.9 | 14 | 16.4 |
| OKE | 388 | 6.6 | 255 | 9.0 | 96 | 8.1 | 5 | - | 12 | 15.3 |
| OKW | 1,069 | 8.3 | 287 | 3.5 | 388 | 8.1 | 422 | 9.9 | 22 | 15.3 |
| UT | 834 | 8.5 | 56 | 2.7 | 822 | 8.9 | 38 | 14.4 | 18 | 28.4 |
| WY | 229 | 7.8 | 25 | 3.2 | 83 | 3.2 | 111 | 10.5 | 10 | 15.8 |
| **11TH** | 20,169 | 8.9 | 3,468 | 4.3 | 16,177 | 7.8 | 1,212 | 13.8 | 312 | 19.3 |
| ALN | 1,979 | 8.8 | 491 | 8.2 | 1,436 | 8.7 | 25 | 17.6 | 27 | 19.5 |
| ALM | 772 | 8.7 | 201 | 7.2 | 491 | 8.0 | 68 | 17.9 | 12 | 19.0 |
| ALS | 616 | 7.7 | 124 | 6.4 | 460 | 7.4 | 17 | 15.1 | 15 | 15.2 |
| FLN | 676 | 7.7 | 169 | 6.4 | 668 | 7.9 | 17 | 8.0 | 22 | 17.6 |
| FLM | 5,761 | 8.7 | 366 | 4.7 | 5,249 | 8.8 | 85 | 17.0 | 82 | 22.4 |
| FLS | 6,142 | 4.6 | 1,445 | 3.7 | 4,554 | 4.8 | 58 | 14.8 | 85 | 14.5 |
| GAN | 2,965 | 8.7 | 475 | 2.5 | 1,633 | 5.2 | 910 | 12.3 | 47 | 24.1 |
| GAM | 631 | 11.2 | 136 | 6.4 | 474 | 11.9 | 9 | - | 12 | 26.4 |
| GAS | 407 | 10.3 | 62 | 6.9 | 312 | 10.3 | 23 | 14.7 | 10 | 20.9 |

NOTE: MEDIAN TIME INTERVALS NOT COMPUTED WHEN FEWER THAN 10 CASES REPORTED. THIS TABLE EXCLUDES LAND CONDEMNATIONS, PRISONER PETITIONS, DEPORTATION REVIEWS, RECOVERY OF OVERPAYMENTS, AND ENFORCEMENT OF JUDGMENTS. FOR FISCAL YEARS PRIOR TO 2001, THIS TABLE INCLUDED DATA ON RECOVERY OF OVERPAYMENTS AND ENFORCEMENT OF JUDGMENTS.

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: TOYOTA MOTOR CORP.<br>DEFECTIVE GAS PEDAL PRODUCTS<br>LIABILITY LITIGATION | :<br>:<br>: | MDL No. 2151 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2010, I caused a true and correct copy of the foregoing TOYOTA DEFENDANTS' RESPONSE IN SUPPORT OF TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407 to be served upon all Parties and Counsel identified in the attached service list via U.S. Mail.

This 26th day of February, 2010.

_Cari K Dawson_
CARI K. DAWSON

## Judicial Panel On Multidistrict Litigation - Panel Service List

Docket:      2151 - IN RE: Toyota Motor Corp. Defective Gas Pedal Products Liability Litigation
Status:      Pending On / /
Transferee District:
Judge:
Transferee District Master Docket No.:

Report key:  * Signifies that an appearance was made on behalf of the party by the representing attorney.
             # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
             All counsel and parties no longer active in this litigation have been suppressed.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| **Alonso, Andres F.**<br>PARKER WAICHMAN ALONSO LLP<br>111 Great Neck Road<br>1st Floor<br>Great Neck NY 110215402<br>Phone No.:(516) 466-6500<br>Fax No.:  (516) 466-6665<br>aalonso@yourlawyer.com | Rivas-Vigil, Humberto* |
| **Babcock, Keith M.**<br>LEWIS & BABCOCK LLP<br>P.O. Box 11208<br><br>Columbia SC 29211<br>Phone No.:(803) 771-8000<br>Fax No.:  (803) 733-3534<br>kmb@lewisbabcock.com | Wooten, Linda Alford* |
| **Bailey, Benjamin L.**<br>BAILEY & GLASSER<br>209 Capitol Street<br><br>Charleston WV 25301<br>Phone No.:(304) 345-6555<br>Fax No.:  (304) 342-1110<br>bbailey@baileyglasser.com | Graves, Michael C.* |
|  | Graves, Michael* |
|  | Mullins, Jeff* |
| **Barnow, Ben .**<br>BARNOW & ASSOCIATES PC<br>One North LaSalle Street<br>Suite 4600<br>Chicago IL 60602<br>Phone No.:(312) 621-2000<br>Fax No.:  (312) 641-5504<br>b.barnow@barnowlaw.com | Lane, Heather A. |
| **Basser, Stephen R.**<br>BARRACK RODOS & BACINE<br>One American Plaza<br>600 West BroadwaySuite 900<br>San Diego CA 92101<br>Phone No.:(619) 230-0800<br>Fax No.:  (619) 230-1874<br>sbasser@barrack.com | Lieberman, Max L.* |

Lieberman, Phyllis C.*

---

**Baumkel, Mark S.**

30200 Telegraph Road
Suite 200
Bingham Farms MI 48025
Phone No.:(248) 642-0444
Fax No.:   (248) 642-6661
baumkelm@aol.com

Baumkel, Deborah*

---

**Becnel, Daniel E.**
BECNEL LAW FIRM LLC
P.O. Drawer H

Reserve LA 70084
Phone No.:(985) 536-1186
Fax No.:   (985) 536-6445
dbecnel@becnellaw.com

Brock, Gary T.*

---

Cavalier, Ann*

---

Mailho, Amanda R.*

---

Talbot, Rhonda*

---

Weimer, Jr., Daniel*

---

Wenck, Colby*

---

**Breit, Mitchell M.**
HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES

112 Madison Avenue
7th Floor
New York NY 100167416
Phone No.:(212) 784-6400
Fax No.:   (212) 213-5949
mbreit@hanlyconroy.com

Choi, Seong Bae*

---

Choi, Un Jin*

---

Park, Chris Chan*

---

Parker, Mary Ann*

---

Pritchett, Donald*

---

Reech, Sandra*

---

**Cabraser, Elizabeth J.**
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street
29th Floor
San Francisco CA 941113339
Phone No.:(415) 956-1000
Fax No.:   (415) 956-1008
ecabraser@lchb.com

Donoghue (Ind./Behalf-Est.John), Jacquelyn*

Myers (Ind./Behalf/Est.-Steffan David), Teresa B.*

Myers, William C.*

**Cecchi, James E.**
CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO
5 Becker Farm Road

Roseland NJ 07068
Phone No.:(973) 994-1700
Fax No.: (973) 994-1744
jcecchi@carellabyrne.com

**Chesley, Stanley M.**
WAITE SCHNEIDER BAYLESS & CHESLEY CO LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati OH 45202
Phone No.:(513) 621-0267
Fax No.: (513) 621-0262
wsbclaw@aol.com

Colaberdino, Maureen*

Boyd, Holly*

Briggs, Kyle*

Gibbens, Charles*

Gibbens, Karen*

Ignatenkov, Shalini*

Kamphaus, Connie*

Kamphaus, Thomas*

Shonfield, Brenda*

Shonfield, Lee*

Thomas, Erica*

Trahan, Lori S.*

Trahan, Thomas A.*

Turner, Paul*

Vivianao, Jo Anna*

Viviano, Al*

Weiler, Allan L.*

**Dawson, Carl K.**
ALSTON & BIRD LLP
1201 West Peachtree Street

Atlanta GA 30309
Phone No.:(404) 881-7766
Fax No.:  (404) 253-8567
carl.dawson@alston.com

Toyota Motor Corp.*

Toyota Motor Engineering & Manufacturing North America, Inc. fka Toyota Technical Center, U.S. A.,*

Toyota Motor Engineering & Manufacturing North America, Inc.*

Toyota Motor Manufacturing Kentucky, Inc.*

Toyota Motor Manufacturing Texas, Inc.*

Toyota Motor Manufacturing, California, Inc.*

Toyota Motor Manufacturing, West Virginia, Inc.*

Toyota Motor North America, Inc.*

Toyota Motor Sales U.S.A., Inc.*

Toytota Motor North America, Inc.*

**Harke, Lance A.**
HARKE & CLASBY LLP
155 South Miami Avenue
Suite 600
Miami FL 33130
Phone No.:(305) 536-8220
Fax No.:  (305) 536-8229
lharke@harkeclasby.com

Gellman, Jonathan*

**Lester, Charles T.**
ERIC C DETERS & ASSOCIATES PSC
5247 Madison Pike

Independence KY 41051
Phone No.:(859) 363-1900
Fax No.:  (859) 363-1444
clester@ericdeters.com

Boles, Angela*

Chambers, Laurie*

Davidson, Lucero*

Davidson, Mark*

Eggerding, Krystal*

Poynter, Debra*

Poynter, Ron*

Preedom, Fran*

Preedom, Tina*

Roth, Amy Smith*

**London, Michael A.**
DOUGLAS & LONDON PC
111 John Street
Suite 1400
New York NY 10038
Phone No.:(212) 566-7500
Fax No.:  (212) 566-7501
mlondon@douglasandlondon.com

Gonzalez, Margaret*

Phaneuf, Peter*

**McLean, Anna S.**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center
17th Floor
San Francisco CA 941114109
Phone No.:(415) 774-3154
Fax No.:  (415) 403-6223
amclean@sheppardmullin.com

Toyota Lease Trust*

Toyota Motor Credit Corp.*

**Meyer, J. Andrew .**
MORGAN & MORGAN PA
One Tampa City Center
201 North Franklin Street7th Floor
Tampa FL 33602
Phone No.:(813) 223-5505
Fax No.:  (813) 223-5402
ameyer@forthepeople.com

Lynch, Michelle*

**Murray, John T.**
MURRAY & MURRAY CO LPA
111 East Shoreline Drive

Sandusky OH 44870
Phone No.:(419) 624-3125
Fax No.:  (419) 624-0707
jotm@murrayandmurray.com

Lee, Daniel D.*

**Parekh, Behram V.**
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue
4th Floor
El Segundo CA 90245
Phone No.:(310) 536-1000
Fax No.:  (310) 536-1001
bvp@kirtlandpackard.com

Hauter, Joseph*

Kmetz, Eric*

Morris, Joe*

Palomares, Frank*

**Savett, Sherrie R.**
BERGER & MONTAGUE PC
1622 Locust Street

Philadelphia PA 19103
Phone No.:(215) 875-3071
Fax No.:   (215) 875-4604
ssavett@bm.net

Schwartz, Roz*

---

**Seltzer, Marc M.**
SUSMAN GODFREY LLP
1901 Avenue of the Stars
Suite 950
Los Angeles CA 900676029
Phone No.:(310) 789-3100
Fax No.:   (310) 789-3150
mseltzer@susmangodfrey.com

Boyask, Kathy*

---

**Snyder, Eric B.**
BAILEY & GLASSER LLP
209 Capitol Street

Charleston WV 25301
Phone No.:(304) 345-6555
Fax No.:   (304) 342-1110
esnyder@baileyglasser.com

Byrnes, Elaine*

---

Farrugia, Alex*

---

Fogarty, Kevin P.*

---

Jackson, Barbara*

---

**Spiro, Ira .**
SPIRO MOSS LLP
11377 West Olympic Boulevard
5th Floor
Los Angeles CA 90064
Phone No.:(310) 235-2468
Fax No.:   (310) 235-2456
ira@spiromoss.com

Baldiseerl, Dale*

---

**Strange, Brian R.**
STRANGE & CARPENTER
12100 Wilshire Boulevard
Suite 1900
Los Angeles CA 90025
Phone No.:(310) 207-5055
Fax No.:   (310) 826-3210
lacounsel@earthlink.net

Madden, Kerri*

---

**Taschner, Dana B.**
LANIER LAW FIRM
2029 Century Park, East
Suite 1450
Los Angeles CA 90067
Phone No.:(310) 277-5100
Fax No.:
dbt@lanierlawfirm.com

Beard, T. Leigh*

---

Nguyen, Catherine*

---

Salvador, Malina*

---

**Trammell, Fletcher V.**

Roberts, Dale*

BAILEY PERRIN BAILEY
440 Louisiana Street
Suite 2100
Houston TX 77002
Phone No.:(713) 425-7100
Fax No.:   (713) 425-7101
ftrammell@bpblaw.com

---------------------------------

Wexler, Kenneth A.                          Wisner, Peter*
WEXLER WALLACE LLP
55 West Monroe Street
Suite 3300
Chicago IL 60603
Phone No.:(312) 346-2222
Fax No.:   (312) 346-0022
kaw@wexlerwallace.com

**Exhibit B**

Page 1 of 3

| Docket: | | | 2151 - In re Toyota Motor Corp. Unintended Acceleration PL |
|---|---|---|---|
| Status: | | | Pending On / / |
| Transferee District: | | | |
| Judge: | | | |
| For Pleading Number: | | | Entries Between: and |
| For Filed Date: | | | Entries Between: and |

| Pleading | File Date | Description |
|---|---|---|
| 1 | 2/4/2010 | MOTION -- BRIEF, **SCHEDULE OF ACTIONS** (7 actions) Filed by pltf. Heather A. Lane - SUGGESTED TRANSFEREE DISTRICT: C.D. California; SUGGESTED TRANSFEREE JUDGE: ? - w/Exhibits A-B, cert of svc & disk (tll) Notified **involved** judges of Schedule of Actions (tll) |
| 2 | 2/4/2010 | NOTICE OF FILING **AND** PUBLICATION OF BRIEFING SCHEDULE -- (re: pldg. 1) BRIEFING SCHEDULE IS SET AS FOLLOWS: Appearances & Corporate Disclosures due by noon: February 18, 2010 Responses due on or before: February 25, 2010 Notified involved counsel (tll) |
| 3 | 2/5/2010 | SECOND MOTION -- BRIEF, **SCHEDULE OF ACTIONS** (4 actions) Filed by Plaintiffs Daniel Weimer, Jr., Colby Wenck and Ann Cavalier - SUGGESTED TRANSFEREE DISTRICT: E.D. Louisiana; SUGGESTED TRANSFEREE JUDGE: Judge Ivan L.R. Lemelle or Chief Judge Sarah S. Vance - w/Attachments, cert of serv & disk (mst) Notified involved judges of Schedule of Actions (mst) Revised Motion, Brief, Schedule of Actions & Cerificate of Service recv'd 2/4/10 (mst) |
| 4 | 2/5/2010 | NOTICE OF FILING **AND** PUBLICATION OF BRIEFING SCHEDULE -- (re: pldg. 3) BRIEFING SCHEDULE IS SET AS FOLLOWS: Appearances & Corporate Disclosures due by noon: February 19, 2010 Responses due on or before: February 26, 2010 Notified involved counsel (mst) |
| 5 | 2/18/2010 | RESPONSE, MEMORANDUM -- (re: pldgs. 1 & 3) Filed by pltf. Jonathan Gellman -w/Exhibits 1-4, Schedule of Actions, cert of serv, **letter** & disk (tb) Pursuant to rule 7.2(h) Letter recv'd 2/5/10 (tb) |
| 6 | 2/19/2010 | RESPONSE, MEMORANDUM -- (re: pldgs. 1 & 3) Filed by pltfs. Eric Kmetz and Joseph Morris - w/Exhibit A, Schedule of Actions, **cert** of serv, letter & disk (tb) Pursuant to rule 7.2(h) Letter recv'd 2/18/10 (tb) |
| 7 | 2/19/2010 | RESPONSE, MEMORANDUM (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Menssen, OHN 1:10-260 - w/Exhibit 1-25, **Schedule** of Actions, cert of serv, letter & disk (tb) Pursuant to rule 7.2(h) Letter recv'd 2/18/10 (tb) |
| 8 | 2/19/2010 | MOTION -- (re: pldgs. 1 & 3) Cross Motion of Plaintiff Maureen Colabardino and Brief to Transfer Venue to the District of New Jersey -w/Exhibit A, cert of serv & disk (tb) |
| 9 | 2/19/2010 | WITHDRAWAL OF MOTION TO TRANSFER -- (re: pldg. 8) Filed by Lindsey H. Taylor, Esq. counsel for pltf. Maureen Colaberdino Withdrawing Cross Motion of Plaintiff Maureen Colaberdino and Brief to Transfer Venue to the District of New Jersey. Plaintiff will submit a response on or before February 26th pursuant to rule 7.2(h) - w/cert of serv (tb) |
| 10 | 2/22/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Viviano, KYE 2:10-24 - w/Exhibits A-B, cert of serv, letter & disk (tb) |
| 11 | 2/22/2010 | MOTION -- (re: pldgs. 1 & 3) Motion for Transfer of Plaintiff Seong Bae Choi, Chris Chan Park, Sandra Reech, Donald Pritchett, Un Jin Choi and Mary Ann Parker w/Schedule of Actions, cert of serv (tb) |
| 12 | 2/22/2010 | WITHDRAWAL OF **MOTION** TO TRANSFER -- (re: pldg. 11) Filed by David C. Wright, Esq. counsel for Plaintiffs Seong Bae Choi, **Chris Chan** Park, Sandra Reech, Donald Pritchett, Un Jin Choi and Mary Ann Parker Withdrawing Motion for Transfer. Plaintiffs will submit a response on or before February 26th pursuant to rule 7.2(h) -w/cert of **serv** (tb) |
| 13 | 2/22/2010 | RESPONSE -- (re: pldg.1 &3) Filed by pltfs. Zahira Crespo Blithorn and Milagros Rodriguez Cruz -w/cert of serv (tb) |
| 14 | 2/22/2010 | NOTICE OF RELATED ACTION -- (1 action) Signed by Dianne M. Nast, Esq. counsel for pltf. in Gumble, PAE 2:10-00521 - (dated 2/9/10) - (JPML was previously notified in pldg. 7) - w/Exhibit A & cert of svc (tb) |
| 15 | 2/22/2010 | APPEARANCE -- (re: pldgs. 1 & 3) ANDRES F. ALONSO, ESQ. for Humberto Rivas-Vigil; KEITH M. BABCOCK, ESQ. for Linda Alford Wooten; BENJAMIN L. BAILEY, ESQ. for Michael Graves, et al.; STEPHEN R. BASSER, ESQ. for Max L. Lieberman, et al.,; DANIEL E. BECNEL, JR., ESQ. for Daniel Weimer, Jr., et al.; Amanda Mailho, Gary T. Brock & Rhonda Talbot; BITCHELL M. BREIT, ESQ. for Seong Bae Choi, et al.; ELIZABETH J. CABRASER, ESQ. for Jacquelyn Donoghue, et al. & Teresa B. Myers, et al.,; JAMES E. CECCHI, ESQ. for Maureen Colaberdino; STANLEY M. CHESLEY, ESQ. for Al Viviano, et al.,; CARI K. DAWSON, ESQ. for Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing, North America, Inc., Toyota Motor Manufacturing California, Inc., Toyota Motor Manufacturing Indiana, Inc., Toyota Motor Manufacturing Kentucky, Inc., Toyota Motor Manufacturing Texas, Inc., Toyota Motor Manufacturing West Virginia, Inc., Toyota de Puerto Rico Corp. & New United Motor Manufacturing, Inc.; LANCE A. HARKE, ESQ. for Jonathan Gellman; CHARLES T. LESTER, JR., ESQ. for Debra Poynter, et al., MICHAEL A. LONDON, ESQ. for Peter Phaneuf & Margaret Gonzalez,; ANNA S. MCLEAN, ESQ. for Toyota Motor Credit Corp. & Toyota Lease Trust; J. ANDREW MEYER, ESQ. for Michelle Lynch; JOHN T. MURRAY, ESQ. for Daniel Lee; BEHRAM V. PAREKH, ESQ. for Eric Kmetz, et al., & Joseph Hauter, et al.; SHERRIE SAVETT, ESQ. for Roz Schwartz, MARC M. SELTZER, ESQ. for Katy Boyask; ERIC B. SNYDER, ESQ. for Elaine Byrnes & Kevin P. Fogarty, et al.; IRA SPIRO, ESQ. for Dale Baldisseri; BRIAN R. STRANGE, ESQ. for Kerri Madden; DANA B. TASCHNER, ESQ. for T. Leigh Beard, et al.; FLETCHER V. TRAMMEL, ESQ. for Dale Roberts & KENNETH A. WEXLER, ESQ. for Peter Wisner - Notified involved counsel (dls) |

| | | |
|---|---|---|
| 16 | 2/23/2010 | NOTICE OF RELATED ACTION -- (re: pldgs. 1 & 3) Signed by Daniel E. Becnel, Jr., Esq. counsel for pltfs. in Phaneuf, NYE 2:10-0487 (JPML was previously notified by appearance), Gonzales, NYS 3:10-0595 (JPML was previously notified by pldg. 6), Talbot, CAC 2:10-1039 (JPML was previously notified by appearance), Scharrel, CO 1:10-227 (JPML was previously notified by pldg. 6), Aviles, CAC 2:10-706 (JPML was previously notified by appearance), Rivas-Vigil, FLS 0:10-60183 (JPML was previously notified by appearance), Johnson, FLN 5:10-26 and Heidenreich, FLN 4:10-35 (JPML was previously notified by pldg. 6) - (dated 2/15/10) - w/Schedule of Actions & cert of svc (tb) |
| 17 | 2/23/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Sander, NYS 2:10-1111 - w/cert of serv & disk (tb) |
| 18 | 2/23/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Mitchell, MSS 3:10-104 - w/Attachment, cert of serv & disk (tb) |
| 19 | 2/23/2010 | NOTICE -- (re: pldgs. 1 & 3) Informing counsel that the deadline for filing motions pursuant to Rule 7.2 (h) to add actions for consideration at the Panel Hearing has now passed. The due date for responsive pleadings to both motions filed in MDL No. 2151 is February 26, 2010. -- Signed by Jeffery N. Luthi, Clerk of the Panel -- Notified involved counsel (tb) |
| 20 | 2/23/2010 | RESPONSE, MEMORANDUM -- (re: pldgs. 1 & 3) Filed by pltfs. Michael Graves, Michael C. Graves and Jeff Mullins - w/Exhibits A & B (Schedule of Actions), cert of serv, letter & disk (tb) Pursuant to rule 7.2(h) Letter w/cert of serv. recv'd 2/23/10 (tb) |
| 21 | 2/23/2010 | APPEARANCE -- (re: pldgs. 1 & 3) MARK S. BAUMKEL, ESQ. for Deborah Baumkel - Notified involved counsel (dls) |
| 22 | 2/23/2010 | RESPONSE, MEMORANDUM -- (re: pldgs. 1 & 3) Filed by pltf. Robyn Horn - w/Exhibit 1 (Schedule of Actions); cert of svc; letter & disk (dls) Pursuant to rule 7.2(h) Letter w/cert of svc recv'd 2/23/10 (dls) |
| 23 | 2/23/2010 | RESPONSE, MEMORANDUM -- (re: pldgs. 1 & 3) Filed by pltfs. Ani Gazaryan, et al.- w/Exhibit 1 (Schedule of Actions); cert of svc; letter & disk (dls) Pursuant to rule 7.2(h) Letter w/cert of svc recv'd 2/23/10 (dls) |
| 24 | 2/24/2010 | RESPONSE, MEMORANDUM (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Roberts, SC 7:10-281 - w/Exhibits A (Schedule of Actions)-D; cert of svc; letter & disk (dls) Pursuant to rule 7.2(h) Letter w/cert of svc recv'd 2/24/10 |
| 25 | 2/25/2010 | HEARING ORDER -- (re: pldgs. 1 & 3) Setting motions to transfer for Panel hearing on March 25, 2010 in San Diego, California - Notified involved counsel & judges (rh) |
| 26 | 2/25/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltfs. in Gonzalez, NJ 3:10-595 & Ricas-Vigil, FLS 0:10-60183 - w/Exhibits A & B; cert of svc & disk (dls) |
| 27 | 2/26/2010 | ORDER RENAMING LITIGATION -- (re: pldgs. 1 & 3) IT IS THEREFORE ORDERED that this litigation is renamed as IN RE: Toyota Motor Corp. Unintended Acceleration Products Liability Litigation - Notified involved counsel, clerks & judges (dls) |
| 28 | 2/26/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltfs. in Liberman, et al., CAC 2:10-1073 (JPML previously Notified) - w/cert of svc & disk (dls) Corrected signature page & disk recv'd 2/26/10 |
| 29 | 2/26/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltfs. in Donoghue, etc., CAC 2:10-1057; Myers, et al, CAC 2:10-1078; Livingston, CAC 2:10-1290; Williams, CAC 2:10-1366; Booher, CAC 2:10-1364; Devlin, PAE 2:10-817 - w/Exhibits 1-6; cert of svc & disk (dls) |
| 30 | 2/26/2010 | RESPONSE (INTERESTED PARTY) -- Filed by pltf. in Gumble, PAE 5:10-521 - (JPML previously Nofified) - w/Exhibits 1-3; cert of svc & disk (dls) |
| 31 | 2/26/2010 | RESPONSE -- (re: pldgs. 1 & 3) Filed by pltf. Michelle Lynch - w/Exhibits A & B; cert of svc & disk (dls) |
| 32 | 2/26/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Madden, CAC 2:10-1094 (JPML previously notified) - w/Exhibit A; cert of svc & disk (dls) |
| 33 | 2/26/2010 | RESPONSE (INTERESTED PARTY) -- Filed by pltfs. in Poynter, et al., KYE 2:10-21 (JPML previously Notified) - w/Exhibits 1-4; cert of svc & disk (dls) |
| 34 | 3/1/2010 | RESPONSE (JOINDER) (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by defts. Toyota Motor Credit Corp. & Toyota Lease Trust - w/Notice of Related Actions (Hugh W. Cox, et al., OHS 2:10-181(Formerly OHS 1:10-127) & Joel Grunkemeyer, et al., OHS 1:10-128); Exhibit A (Schedule of Actions); cert of svc & disk (dls) |
| 35 | 3/1/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Williams, CAC 2:10-1438 - w/Exhibit A; cert of svc & disk (dls) |
| 36 | 3/1/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltfs. in Gally, et al., NYE 2:10-854 & Phaneuf, NYE 2:10-487 (JPML previously notified) - w/Exhibit A; cert of svc & disk (dls) |
| 37 | 3/1/2010 | RESPONSE -- (re: pldgs. 1 & 3) Filed by defts. Toyota Motor Corp., Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Enginerring & Manufacturing North America, Inc., Toyota Motor Manufacturing, California, Inc., Toyota Motor Manufacturing, Indiana, Inc., Toyota Motor Manufacturing, Kentucky, Inc., Toyota Motor Manufacturing, Texas, Inc., Toyota Motor Manufacturing, West Virginia, Inc., Toyota de Puerto Rico., & New United Motor Manufacturing, Inc. - w/OA Statement; Notice of Related Actions - Cheryl Abken, et al.,NJ 3:10-763; John Harding, ALM 2:10-100; Viviane Stoller, GAM 4:10-24; Thomas Davis, NYS 1:10-900 & Renita Cipriani, FLM 8:10-427; Exhibits A (1 & 2); cert of svc & disk (dls) |
| 38 | 3/1/2010 | RESPONSE -- (re: pldgs. 1 & 3) Filed by pltf. Dale Baldisseri - w/Schedule of Actions - Notice of Related Actions - Michael Scholten, TXN 3:10-295 & Lisa Creighton, et al., CAC 2:10-946; cert of svc & disk (dls) |
| 39 | 3/1/2010 | NOTICE OF RELATED ACTION -- (3 actions) Signed by Seth A. Katz, Esq. counsel for pltfrs. Don Gureski, et al., WY 1:10-31 & Roy Nelson, NJ 1:10-161; Ryan Scharrel, CO 1:10-227 (JPML previously noticed) (dated 2/25/10) - w/Exhibits A & B & svc (dls) |
| 40 | 3/1/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldg. 1 & 3) Filed by pltfs. in Miller, et al., KYE 2:10-31 - w/Exhibits A & A & B; cert of svc & disk (dls) |

| 41 | 3/1/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltfs. in Gaspard, et al., LAW 1:10-179 - w/cert of svc & disk (dls) Amended signature page recv'd 3/1/10 |
|----|----------|---|
| 42 | 3/1/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Jerry Baker Auto Sales, LLC in MOW 2:10-4025 - w/cert of svc & disk (dls) Amended signature page recv'd 3/1/10 |
| 43 | 3/1/2010 | RESPONSE -- (re: pldgs. 1 & 3) Filed by pltfs. Seong Bae Choi, et al. - w/Exhibit A; cert of svc & disk (dls) |
| 44 | 3/1/2010 | SUPPLEMENTAL INFORMATION -- (re: pldg. 10) Filed by pltfs. in Viviano, et al., KYE 2:10-24 - w/Exhibits A & B; cert of svc & disk (dls) |
| 45 | 3/2/2010 | CORPORATE DISCLOSURE STATEMENT -- (re: pldgs. 1 & 3) Filed by Toyota Motor Credit Corp. (tb) |
| 46 | 3/2/2010 | CORPORATE DISCLOSURE STATEMENT -- (re: pldgs. 1 & 3) Filed by Toyota Motor Corp., Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing, North America, Inc., Toyota Motor Manufacturing California, Inc., Toyota Motor Manufacturing Indiana, Inc., Toyota Motor Manufacturing Kentucky, Inc., Toyota Motor Manufacturing Texas, Inc., Toyota Motor Manufacturing West Virginia, Inc., Toyota de Puerto Rico Corp. and New United Motor Manufacturing, Inc. (tb) |
| 47 | 3/2/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Leaverton, KYE 2:10-32 - w/cert of svc & disk (dls) Amended cert of svc recv'd 3/2/10 |
| 48 | 3/2/2010 | RESPONSE, MEMORANDUM (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Lee, et al., OKW 5:10-117 - w/Exhibits A & B; cert of svc & disk (dls) Amended complaint recv'd 3/2/10 |
| 49 | 3/2/2010 | RESPONSE (INTERESTED PARTY) -- (re:pldgs. 1 & 3) Filed by pltfs. in Schwartz, CAC 2:10-710 & Boyask, CAC 2:10-1153 (JPML previously notified) Notice of Related Actions - MIchael Choi, CAC 8:10-154; Lacey Laudicina, et al., CAC 2:10-1030; Karen Bush Gertz, CAC 2:10-1089; Jessica M. Kramer, CAC 2:10-1154; Stuart Grant, CAC 2:10-1234, Lu Li, CA 2:10-1248; Gloria Park, CAC 2:10-, Johnny E. Griffin, ALM 1:10-114; Louis Gordon, et al., NJ 3:10-914; Marie DuBois, NYE 1:10-779 - w/Exhibit A (Schedule of Actions); cert of svc & disk (dls) Corrected signature pages recv'd 3/2/10 |
| 50 | 3/2/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltfs. in Beard, et al., CAC 2:10-183 (JPML previously notified) - w/Exhibits A & B; cert of svc & disk (dls) Oral Argument Requested |
| 51 | 3/2/2010 | NOTICE OF RELATED ACTION -- (1 action) Signed by Mark S. Baumkel, Esq. counsel for pltf. Deborah Baumkel, MIE 2:10-10525 (JPML previously noticed) (dated 2/25/10) - w/Exhibit A & cert of svc (dls) |
| 52 | 3/2/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Colaberdino, NJ 3:10-672 (JPML previously notified) - w/cert of svc & disk (dls) Corrected signature page recv'd 3/2/10 |
| 53 | 3/4/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Glardon, OHS 2:10-179 - w/Exhibit A; cert of svc & disk (dls) Corrected signature page recv'd 3/4/10 |
| 54 | 3/4/2010 | RESPONSE (JOINDER) (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Goldberger, CAC 2:10-1247 - w/cert of svc & disk (dls) Amended cert of svc recv'd 3/4/10 |
| 55 | 3/5/2010 | NOTICE OF RELATED ACTION -- (1 action) Signed by William M. Sweetnam, Esq. counsel for pltf. Joseph R. Hernandez, MIE 2:10-10835 (dated 3/4/10) - w/Exhibt A & cert of svc (dls) |
| 56 | 3/8/2010 | RESPONSE, MEMORANDUM (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Davis, NYS 1:10-900 - w/cert of svc; letter & disk (dls) Pursuant to rule 7.2(h) Letter recv'd 3/3/10 Corrected signature page recv'd 3/8/10 |
| 57 | 3/9/2010 | RESPONSE (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltfs. in Gureski, et al., WY 1:10-31 - w/Exhibit A (Schedule of Actions); cert of svc & disk (dls) |
| 58 | 3/9/2010 | NOTICE OF RELATED ACTION -- (1 action) Signed by Keith M. Babcock, Esq. counsel for pltfs. Linda Alford Wooten, SC 3:10-229 (JPML previously notified) (dated 3/4/10) - w/Exhibits A & B & cert of svc (dls) cert of svc recv'd 3/9/10 |
| 59 | 3/11/2010 | RESPONSE, MEMORANDUM (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltfs. in Laird, et al. GAS 3:10-22 - w/Exhibits A (Schedule of Actions); B-D cert of svc & disk |
| 60 | 3/15/2010 | RESPONSE, MEMORANDUM (JOINDER) (INTERESTED PARTY) -- (re: pldgs. 1 & 3) Filed by pltf. in Heidenreich, FLN 4:10-35 (JPML previously notified) - w/Schedule of Actions; cert of svc & disk (dls) Revised Schedule of Actions recv'd 3/12/10 |

# Judicial Panel On Multidistrict Litigation - Case Listing Report

Docket: 2151 - IN RE: Toyota Motor Corp. Unintended Acceleration Products Liability Litigation
Status: Pending On / /
Transferee District:
Judge:
Transferee District Master Docket No.:

Key: XYZ Case = Related civil action filed in the transferee court.

| Transferor Civil Action # | Caption | Transferor Judge | CTO# | Panel Filing Status-Date | Panel Disposition Date | Transferee Civil Action # | Civil Action Termination Date |
|---|---|---|---|---|---|---|---|
| 2151-AK-3-2010-37 | Worthington v. Toyota Motor Corp., et al. | Burgess | | Related Case - 03/02/2010 | / / | - | / / |
| 2151-ALM-1-2010-114 | Griffin v. Toyota Motor Corp. | Fuller | | Related Case - 03/02/2010 | / / | - | / / |
| 2151-ALM-2-2010-100 | Harding v. Toyota Motor Corp., et al. | Fuller | | Related Case - 03/01/2010 | / / | - | / / |
| 2151-ARE-4-2010-149 | Lentz v. Toyota Industries North America, | Miller | | Related Case - 03/09/2010 | / / | - | / / |
| 2151-ARE-4-2010-116 | Rainwater v. Toyota Motor Sales, U.S.A., I | Wilson | | Related Case - 02/23/2010 | / / | - | / / |
| 2151-ARE-4-2010-90 | Horn v. Toyota Motor Sales U.S.A., Inc., e | Holmes | | Related Case - 02/19/2010 | / / | - | / / |
| 2151-ARW-6-2010-6013 | Adkison v. Toyota Motor Sales, U.S.A., Inc | Dawson | | Related Case - 03/03/2010 | / / | - | / / |
| 2151-CAC-2-2009-9386 | Baldisseri v. Toyota Motor Sales U.S.A., I | Feess | | Motion - 02/04/2010 | / / | - | / / |
| 2151-CAC-2-2009-9158 | Lane v. Toyota Motor Sales U.S.A., Inc. | Feess | | Motion - 02/04/2010 | / / | - | / / |
| 2151-CAC-2-2009-8478 | Kmetz, et al. v. Toyota Motor Sales U.S.A. | Matz | | Motion - 02/04/2010 | / / | - | / / |
| 2151-CAC-2-2009-8143 | Choi, et al. v. Toyota Motor Corp., et al. | Matz | | Motion - 02/04/2010 | / / | - | / / |
| 2151-CAC-2-2010-1438 | Williams v. Toyota Motor Sales, U.S.A., In | Nguyen | | Related Case - 03/01/2010 | / / | - | / / |
| 2151-CAC-2-2010-1366 | Williams v. Toyota Motor North America, In | Matz | | Related Case - 02/26/2010 | / / | - | / / |
| 2151-CAC-2-2010-1364 | Booher, etc. v. Toyota Motor North America | Matz | | Related Case - 02/26/2010 | / / | - | / / |
| 2151-CAC-2-2010-1349 | Cornell v. Toyota Motor Corp., et al. | Morrow | | Related Case - 02/26/2010 | / / | - | / / |
| 2151-CAC-2-2010-1290 | Livingston, etc. v. Toyota Motor North Ame | Matz | | Related Case - 02/26/2010 | / / | - | / / |
| 2151-CAC-2-2010-1264 | Park v. Toyota Motor Sales, U.S.A., Inc. | King | | Related Case - 03/02/2010 | / / | - | / / |
| 2151-CAC-2-2010-1248 | Li v. Toyota Motor North America, Inc., et | Anderson | | Related Case - 03/02/2010 | / / | - | / / |
| 2151-CAC-2-2010-1247 | Goldberger v. Toyota Motor Sales, U.S.A., | Matz | | Related Case - 03/04/2010 | / / | - | / / |
| 2151-CAC-2-2010-1234 | Grant v. Toyota Motor Sales U.S.A., Inc. | Matz | | Related Case - 03/02/2010 | / / | - | / / |
| 2151-CAC-2-2010-1154 | Kramer v. Toyota Motor Corp., et al. | Fischer | | Related Case - 03/02/2010 | / / | - | / / |
| 2151-CAC-2-2010-1153 | Boyask v. Toyota Motor Sales, U.S.A., Inc. | Matz | | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-2-2010-1094 | Madden v. Toyota Moror Sales, USA, Inc., e | Feess | | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-2-2010-1089 | Gertz v. Toyota Motor Corp., et al. | Gee | | Related Case - 03/02/2010 | / / | - | / / |
| 2151-CAC-2-2010-1078 | Myers, et al. v. Toyota Motor North Americ | Matz | | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-2-2010-1073 | Liberman, et al. v. Toyota Motor Corp., e | Matz | | Related Case - 02/22/2010 | / / | - | / / |

| 2151-CAC-2-2010-1057 | Donoghue, etc. v. Toyota Motor North Ameri | Matz | Related Case - 02/22/2010 | / / | - | / / |
|---|---|---|---|---|---|---|
| 2151-CAC-2-2010-1039 | Talbot v. Toyota Motor North America, Inc. | Matz | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-2-2010-1030 | Laudicina, et al. v. Toyota Motor Corp., e | Matz | Related Case - 03/02/2010 | / / | - | / / |
| 2151-CAC-2-2010-947 | Byrnes v. Toyota Motor North America, Inc. | Matz | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-2-2010-946 | Creighton, et al. v. Toyota Motor Corp., e | Matz | Related Case - 03/01/2010 | / / | - | / / |
| 2151-CAC-2-2010-942 | Wisner v. Toyota Motor Corp., et al. | Matz | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-2-2010-922 | Stackhouse v. Toyota Motor Corp., et al. | Fischer | Related Case - 02/23/2010 | / / | - | / / |
| 2151-CAC-2-2010-849 | Gazaryan, et al. v. Toyota Motor Sales U.S | Matz | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-2-2010-799 | Marr, et al. v. Toyota Motor Sales, U.S.A. | Matz | Related Case - 02/19/2010 | / / | - | / / |
| 2151-CAC-2-2010-710 | Schwartz v. Toyota Motor Sales USA, Inc., | Matz | Related Case - 02/19/2010 | / / | - | / / |
| 2151-CAC-2-2010-706 | Aviles v. Toyota Motor Corp., et al. | Matz | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-8-2010-183 | Beard, et al. v. Toyota Motor Corp., et al | Selna | Related Case - 02/22/2010 | / / | - | / / |
| 2151-CAC-8-2010-173 | Del Real v. Toyota Motor Sales U.S.A., Inc | Selna | Related Case - 02/23/2010 | / / | - | / / |
| 2151-CAC-8-2010-154 | Choi v. Toyota Motor Sales U.S.A., Inc., e | Carney | Related Case - 03/02/2010 | / / | - | / / |
| 2151-CAC-8-2010-105 | Hauter, et al. v. Toyota Motor Sales U.S.A | Matz | Motion - 02/04/2010 | / / | - | / / |
| 2151-CO-1-2010-227 | Scharrel, et al. v. Toyota Motor North Ame | Brimmer | Related Case - 02/19/2010 | / / | - | / / |
| 2151-CT-3-2010-210 | Patel v. Toyota Motor North America, Inc., | Underhill | Related Case - 02/23/2010 | / / | - | / / |
| 2151-FLM-8-2010-427 | Cipriani v. Toyota Motor Corp., et al. | Bucklew | Related Case - 03/01/2010 | / / | - | / / |
| 2151-FLM-8-2010-326 | Lynch v. Toyota Motor Corp., et al. | Merryday | Motion - 02/05/2010 | / / | - | / / |
| 2151-FLN-4-2010-35 | Heidenreich v. Toyota Motor North America | Hinkle | Related Case - 02/19/2010 | / / | - | / / |
| 2151-FLN-5-2010-26 | Johnson v. Toyota Motor Corp., et al. | Smoak | Related Case - 02/23/2010 | / / | - | / / |
| 2151-FLS-0-2010-60183 | Rivas-Vigil v. Toyota Motor North America, | Cohn | Related Case - 02/22/2010 | / / | - | / / |
| 2151-FLS-1-2010-20006 | Gelman v. Toyota Motor Sales U.S.A., Inc. | Cooke | Motion - 02/04/2010 | / / | - | / / |
| 2151-FLS-9-2010-80208 | Heilbrunn v. Toyota Motor Corp., et al. | Zloch | Related Case - 02/19/2010 | / / | - | / / |

**1 2 3**

## Judicial Panel On Multidistrict Litigation - Case Listing Report

**Docket:**  2151 - IN RE: Toyota Motor Corp. Unintended Acceleration Products Liability Litigation
**Status:**  Pending On / /
**Transferee District:**
**Judge:**
**Transferee District Master Docket No.:**

Key:    *XYZ Case* = Related civil action filed in the transferee court.

| Transferor Civil Action # | Caption | Transferor Judge | CTO# | Panel Filing Status-Date | Panel Disposition Date | Transferee Civil Action # | Civil Action Termination Date |
|---|---|---|---|---|---|---|---|
| 2151-GAM-4-2010-24 | Stoller v. Toyota Motor Corp., et al. | Land | | Related Case - 03/01/2010 | / / | - | / / |
| 2151-GAS-3-2010-22 | Laird, et al. v. Toyota Motor Corp., et al | Bowen | | Related Case - 03/11/2010 | / / | - | / / |
| 2151-ILN-1-2010-918 | Ochs v. Toyota Motor Corp., et al. | Coar | | Related Case - 02/23/2010 | / / | - | / / |
| 2151-INS-1-2010-142 | Enderle v. Toyota Motor North America, Inc | Barker | | Related Case - 02/19/2010 | / / | - | / / |
| 2151-KS-2-2010-2075 | Firgon v. Toyota Motor Corp., et al. | Murgula | | Related Case - 02/23/2010 | / / | - | / / |
| 2151-KYE-2-2010-32 | Leaverton v. Toyota Motor Engineering & Ma | Bertelsman | | Related Case - 03/01/2010 | / / | - | / / |
| 2151-KYE-2-2010-31 | Miller, et al. v. Toyota Motor Sales, U.S. | Bertelsman | | Related Case - 03/01/2010 | / / | - | / / |
| 2151-KYE-2-2010-30 | Stadler v. Toyota Motor North America, Inc | Bertelsman | | Related Case - 03/01/2010 | / / | - | / / |
| 2151-KYE-2-2010-24 | Vivlano, et al. v. Toyota Motor Engineeri | Bertelsman | | Related Case - 02/22/2010 | / / | - | / / |
| 2151-KYE-2-2010-21 | Poynter, et al. v. Toyota Motor North Amer | Bertelsman | | Related Case - 02/19/2010 | / / | - | / / |
| 2151-LAE-2-2010-687 | Jones, et al. v. Toyota Motor North Americ | Lemelle | | Related Case - 03/08/2010 | / / | - | / / |
| 2151-LAE-2-2010-649 | Burke v. Toyota Motor North America, Inc., | Feldman | | Related Case - 03/08/2010 | / / | - | / / |
| 2151-LAE-2-2010-647 | Farrelly, et al. v. Toyota Motor North Ame | Feldman | | Related Case - 03/08/2010 | / / | - | / / |
| 2151-LAE-2-2010-622 | Johnson, et al. v. Toyota Motor North Amer | Feldman | | Related Case - 03/08/2010 | / / | - | / / |
| 2151-LAE-2-2010-281 | Brock v. Toyota Motor North America, Inc., | Lemelle | | Motion - 02/05/2010 | / / | - | / / |
| 2151-LAE-2-2010-279 | Maliiho v. Toyota Motor North America, Inc | Lemmon | | Motion - 02/05/2010 | / / | - | / / |
| 2151-LAE-2-2010-219 | Welmer, et al. v. Toyota Motor North Ameri | Lemelle | | Motion - 02/05/2010 | / / | - | / / |
| 2151-LAM-3-2010-108 | Donahue v. Toyota Motors Manufacturing USA | Parker | | Related Case - 02/23/2010 | / / | - | / / |
| 2151-LAW-1-2010-179 | Gaspard, et al. v. Toyota Motor Sales U.S. | Drell | | Related Case - 03/01/2010 | / / | - | / / |
| 2151-MA-1-2010-10263 | Shah v. Toyota Motor North America, Inc., | Tauro | | Related Case - 02/23/2010 | / / | - | / / |
| 2151-MIE-2-2010-10835 | Hernandez v. Hino Motors Manufacturing U.S | Duggan | | Related Case - 03/05/2010 | / / | - | / / |
| 2151-MIE-2-2010-10525 | Baumkel v. Toyota Motor North American, In | Edmunds | | Related Case - 02/22/2010 | / / | - | / / |
| 2151-MOW-2-2010-4025 | Jerry Baker Auto Sales, LLC v. Toyota Moto | Laughrey | | Related Case - 03/01/2010 | / / | - | / / |
| 2151-MOW-4-2010-103 | Hulsen, et al. v. Toyota Motor Corp., et a | Sachs | | Related Case - 02/19/2010 | / / | - | / / |
| 2151-MSN-3-2010-9 | Simmons v. Toyota Motor Corp., et al. | Mills | | Related Case - 02/23/2010 | / / | - | / / |
| 2151-MSS-3-2010-104 | Mitchell v. Toyota Motor North Amelca, Inc | Wingate | | Related Case - 02/23/2010 | / / | - | / / |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2151-NJ-3-2010-914 | Gordon, et al. v. Toyota Motor North Ameri | Cooper | Related Case - 03/02/2010 | / / | - | / / |
| 2151-NJ-3-2010-778 | Guokas v. Toyota Motor Corp., et al. | Cooper | Related Case - 02/23/2010 | / / | - | / / |
| 2151-NJ-3-2010-763 | Abken, et al. v. Toyota Motor North Americ | Cooper | Related Case - 03/01/2010 | / / | - | / / |
| 2151-NJ-3-2010-672 | Colaberdino v. Toyota Motor North America, | Cooper | Related Case - 02/19/2010 | / / | - | / / |
| 2151-NJ-3-2010-595 | Gonzalez v. Toyota Motor Sales U.S.A., Inc | Cooper | Related Case - 02/19/2010 | / / | - | / / |
| 2151-NM-1-2010-161 | Nelson v. Toyota Motor North America, Inc. | Torgerson | Related Case - 03/01/2010 | / / | - | / / |
| 2151-NYE-1-2010-854 | Gally, et al. Toyota Motor Corp., et al. | Mauskopf | Related Case - 03/01/2010 | / / | - | / / |
| 2151-NYE-1-2010-779 | DuBois v. Toyota Motor North America, Inc. | Block | Related Case - 03/02/2010 | / / | - | / / |
| 2151-NYE-1-2010-542 | Fogarty, et al. v. Toyota Motor North Amer | Gleeson | Related Case - 02/22/2010 | / / | - | / / |
| 2151-NYE-2-2010-487 | Phaneuf v. Toyota Motor Sales, U.S.A., Inc | Bianco | Related Case - 02/22/2010 | / / | - | / / |
| 2151-NYN-5-2010-178 | Haustein v. Toyota Motor Corp., et al. | McCurn | Related Case - 02/23/2010 | / / | - | / / |
| 2151-NYS-1-2010-1111 | Sander, et al. v. Toyota Motor Sales, U.S. | Hellerstein | Related Case - 02/23/2010 | / / | - | / / |
| 2151-NYS-1-2010-1014 | Iglesias, et al. v. Toyota Motor Corp., et | Castel | Related Case - 02/22/2010 | / / | - | / / |
| 2151-NYS-1-2010-900 | Davis v. Toyota Motor Sales, U.S.A., Inc., | Buchwald | Related Case - 03/01/2010 | / / | - | / / |
| 2151-OHN-1-2010-260 | Menssen v. Toyota Motor Sales, U.S.A., Inc | Oliver | Related Case - 02/19/2010 | / / | - | / / |
| 2151-OHN-3-2010-280 | Lee v. Toyota Motor North America, Inc., e | Carr | Related Case - 02/22/2010 | / / | - | / / |
| 2151-OHS-1-2010-128 | Grunkemeyer, et al. v. Toyota Motor Sales | Barrett | Related Case - 03/01/2010 | / / | - | / / |
| 2151-OHS-2-2010-181 | Cox, et al. v. Toyota Lease Trust, et al. | Watson | Related Case - 03/01/2010 | / / | - | / / |
| 2151-OHS-2-2010-179 | Glardon v. Toyota Motor Engineering & Manu | Watson | Related Case - 03/04/2010 | / / | - | / / |
| 2151-OHS-3-2010-61 | Shumaker v. Toyota Motor Engineering & Man | Rice | Related Case - 02/23/2010 | / / | - | / / |
| 2151-OKW-5-2010-117 | Lee, et al. v. Toyota Motor Sales U.S.A., | Russell | Related Case - 03/02/2010 | / / | - | / / |
| 2151-OR-3-2010-134 | Jacobson v. American Honda Motor Co., Inc. | Papak | Related Case - 02/23/2010 | / / | - | / / |
| 2151-PAE-2-2010-817 | Devlin v. Toyota Motor North America, Inc. | Joyner | Related Case - 02/26/2010 | / / | - | / / |
| 2151-PAE-5-2010-554 | Greisiger, et al. v. Toyota Motor North Am | Slomsky | Related Case - 02/23/2010 | / / | - | / / |

**1 2 3**

